HART v. RECTOR.

A sheriff selling land under execution, must describe the land with such certainty, that it may be known what specific land is offered for sale, and where it lies. A sheriff's deed describing the land sold, as "three and one-half eighths of the Boonville tract, situated in Cooper county, on the south side of the Missouri River," is not void for uncertainty in the description. (Scott, Judge, dissenting.)

Error to the Circuit Court of Cooper county.

LEONARD for Plaintiff.

ADAMS & HAYDEN for Defendant.

*Opinion of the Court, delivered by Napton, Judge.*

Hart v. Rec-
tor.                This was an action of ejectment for the north-west
fractional quarter of section 35, township 49, of range 17.

On the trial, the plaintiff gave in evidence a patent
from the United States, dated 19th November, 1822, to
Henry Carroll, Robert Wallace, and himself.   There-
upon, the defendant, for the purpose of showing title out
of the plaintiff, gave in evidence a judgment of the cir-
cuit court for Cooper county, in favor of Th. A. Smith
against George Tonnall and  the plaintiff Hart;  a fi. fa.
execution thereon, of the 10th October,  1828, with the
sheriff's return thereon, and the sheriff's deed of the 17th
February, 1829, conveying the said land so levied on and
sold, to one William M. Adams.

The plaintiff then gave in evidence two judgments of
the Cooper circuit court against Hart; one in favor of
Gideon James, of the 26th January, 1821; and the other
in favor of Noah Nichols, of the 21st May, 1821.   Fi.
fa. executions thereon, of the 9th August, 1823, with the
sheriff's returns and writs of *venditioni exponas* of the 2nd
July, 1824.   The return to the writ of *venditioni exponas,*
certified that the sheriff had advertised and sold the pro-
perty described in the writ; and that it sold for $41, 12½,
and was signed by the sheriff.   Afterwards, at the Oct.
term, 1836, leave was given to the sheriff to amend the
return made in 1824; by which amended return, it ap-
peared that the sheriff sold  "all Hart's interest in the
Boonville tract, being three and one-half eighths," to
Gersham Compton.

The plaintiff then offered in evidence, a deed of the
27th October, 1836, for this land, made by the sheriff of
Cooper county to Gersham Compton, made in pursu-
ance of the order of the circuit court of Cooper county.
The description of the land conveyed in this deed, is
"three and one-half eighths of the Boonville tract, situate
in Cooper county, on the south side of the Missouri
river."   This deed was objected to, and the court ex-

cluded it. The plaintiff then offered the same deed, with proof that the expression, "*Boonville tract*," was at the times of the levy, advertisement, and sale, and making of the deed, well known in the county of Cooper and neighborhood, to mean the north-west fractional quarter of section thirty-five, township 49, range 17; and that this tract of land, at the time of the levy, had acquired the appellation of "the Boonville tract," and was then and afterwards, down to the time of the conveyance, generally known by that appellation. To this proof defendant objected, and it was excluded by the court.

The plaintiff saved his exceptions to the action of the circuit court: suffered a non-suit, and afterwards moved to set it aside, but the motion was overruled by the court. The case is brought here by writ of error. Before considering the material question which has been raised and argued, it is proper to dispose of a preliminary objection which has been urged against the plaintiff in error. The record does not show, that the plaintiff proposed to derive any title from Compton, (the deed to whom was rejected,) and therefore the judgment of the circuit court may be sustained, upon the ground that it is not apparent, but that the deed was rejected for impertinence and irrelevancy. In many cases it must be admitted, liberal presumptions have been indulged by this court, in favor of the action of the circuit court, and especially in all questions concerning new trials, and those in which a discretionary power has been exercised by those courts. The same rule might perhaps, *stricti juris*, bind the plaintiff in error here. But the presumption would be strained too far, in my opinion, to let it prevail in a case like this, when the testimony offered to remove the objections, must be sufficient to satisfy this court of the real character of those objections. Without attempting then to lay down any general rule which shall govern the future action of this court, we pass by the objections, and proceed to consider the case on its merits.

The question is, whether the sheriff's deed to Compton was void on its face for uncertainty in the descrip-

46

AUG. TERM,
1842.

Hart v. Rec-
tor.

tion of the land conveyed.   There can be no doubt, that this deed would not have been void, if it had been an ordinary conveyance of the vendor's own interest; but sales by process of law, must be governed by very different rules.

A sheriff has no right to sell land under execution, except such as he can describe with sufficient certainty, so that purchasers may know what specific land is put up at auction, and where it lies.   It is not necessary that the exact quantity of acres should be ascertained; nor would it be necessary to set it out by metes and bounds; but a reasonable degree of certainty is requisite, that the property of debtors may not be swept away under loose and indefinite executions and advertisements.

In the case of Simonds v. Cothin, (2 Caines R. 65) the sheriff's deed purported to convey "*all that farm or tract of land in Pompey, in the tenure and occupation of the defendant.*"   This was held void for uncertainty, and the court declared that a more definite description of the situation, and amount of the land, and of the quantity of the defendant's interest therein ought to have been stated: at the same time agreeing, that the sale need not be precise as to quantity of acres, and as to the metes and bounds.   "The thing sold," says Judge Kent, "must, in all cases, be specified with so much precision, as from the description it can be reduced to certainty."

In Jackson v. DeLancy, (13 John. R. 532) the sheriff's deed was for certain specified lands, and "*also all the other lands, tenements and hereditaments, whereof the said William, Earl of Sterling, was seized within the county of Ulster,*" and under this clause of the deed, the premises in dispute were claimed.   The court held the description to be entirely too indefinite.

These cases are sufficient to show the distinction recognized by the courts between judicial sales and mere private sales, and the grounds for such distinction are apparent and just.   Yet, even in judicial sales and deeds made under them, it has not been held that any particular form of description is requisite; or that any thing

A sheriff selling land under execution, must describe the land with such certainty that it may be known what specific land is offered for sale and where it lies.   A sheriff's deed describing the land sold, as "three and one half eighths of the Booa-ville tract, situate in Coop er county, on the south side of the Missouri river," is not void for uncertainty in the description.

more is necessary than to describe the land with such
precision, that it may be reduced to certainty.

The descriptive words used in the deed from the she-riff to Compton, when explained by the testimony offered in the circuit court, do not seem to come within the mischief sought to be guarded against by the principles settled in the New York cases.

Had the land been described by its section, township and range, it would indisputably have been good. The testimony offered by the plaintiff, established that the tract of land was as well known by the name given it in the deed, as it was by the name of its sectional subdivision. The specific land is pointed out, and the county in which it lies. It is difficult to perceive how purchasers could have been deceived, or how any mischief could have resulted from such description.

This court is therefore of opinion that the deed from the sheriff to Compton should have been admitted.

Several points have been raised in this cause, which we think are not now properly before the court: whether this deed to Compton be effectual to pass any title, as against the purchaser under Adams? Whether the deed has relation back to the time of the sale? Whether there was any sufficient note or memorandum of this sale, to save it from the operation of the statute of frauds, are very important questions, which will hereafter arise in the cause, but which cannot be decided on the present imperfect state of facts. This court cannot anticipate all the facts which may be developed hereafter, or which might have been developed, had the plaintiff gone through with his title. As the matter stands now, it would be unsafe to venture any opinion; and this court will, therefore, reverse the judgment of the circuit court, and remand the cause for further proceedings.

Scott, Judge, dissenting.