### BATES & WISE vs. THE BANK OF MISSOURI.

1. However vague the description of land sold under execution, a sheriff's deed may contain, parol evidence is admissible to identify the premises, and show that in the community where the sale took place, they are known by the description given. The object of a description is to prevent imposition and a sacrifice of the property. If the subject of the sale is described so as to prevent these consequences, the law is satisfied: 7 Mo. Rep 531; 12 ib. 238. Such evidence does not fall within the rule, which rejects oral testimony in explanation of a patent ambeguity.

### ERROR to Hannibal Court of Common Pleas.

PLATT & REDD, for plaintiff in error.

The only questions for the court, are:

1st. Was the deed good, and sufficient to pass the title?

2d. Could parol evidence be given?

In a sheriff's deed, certainly, to a common intent only, is all that is required. The description in the deed need only be such that any one may find it, and that no other answers the description. The deed should be favorably construed for the grantee in the deed. 25 Wend. 402. No description was given, except a line conveying all land south of a creek, in a town and county, and beginning at one point and running eastwardly along the foot of a hill, &c., until it strikes another man's land. Evidence may be given of what was intended to be conveyed: 2 Starkie's Ev. 774 and note to cases 3 B. and C. 10th Com. Law 253; 13 Peter's Rep. 97, authorities collected and referred to.

The exclusion of parol evidence affects the plaintiff's deed more than the defendant's; for by

Bates & Wise vs. The Bank of Missouri.

plaintiff's deed, the return does not appear in which the sheriff is to deliver the possession, and defendant's deed gives him the better description of the two.

### E. BATES, for plaintiff in error,

Says that the main drift of all the instructions is, that the deed from the sheriff to Bates was void for uncertainty, and that parol evidence was inadmissible to describe and identify the land.

Both these propositions are erroneous:

1. This is the description in the deed "thirty-five acres and 75-100 of land, being a New Madrid claim, No. 2592, part of the s. w. qr. of section No. 25, township No. 58, range 6 west." It is submitted that this description is not only not so defective as to render the deed void for uncertainty, but that it is a good and sufficient description.

It is a description, far more accurate and precise than that held by this court in Hart vs. Rector 7 Mo. R. 531.

The like question—that is, whether or no a deed was void for uncertainty, has been several times considered by this court, and the general result appears to me very clearly to establish the validity of this deed. See Evans vs. Ashley, 8 Missouri Report 177; Newman vs. Lawless, 6 Missouri Rep. 279.

2. It was plainly erroneous to exclude the oral testimony offered to identify the land sued for as in Bates' possession, with the land described in the deed. The deed being sufficiently specific to pass the title—that is, not so grossly defective as to be unmeaning, as a contract or conveyance, and therefore void, it was lawful, convenient, and common in practice, to give other testimony, oral or written for the purpose of ascertaining the identity of the precise boundary. It was so done in Hart vs. Rector, and Evans vs. Ashley, and approved by this court.

Touching the description of lands sold, the courts act habitually upon the maxim, that, that is certain which can be rendered certain.

The plaintiff and the court below confound two things that have little to do with each other, an imperfect description and ambiguity. Here, there is no ambiguity: the words are not capable of two opposite meanings, yet the court below assumed that there was an ambiguity, and that it was patent, and based its instruction upon that assumption.

The most that can be said of the deeds, is, that they do not contain a full and perfect description, in all particulars. But that is not necessary. Boundaries, for instance, and precise quantity need not be established. See, again, Hart vs. Rector. All that is necessary, in a description by the sheriff, is, to afford to bidders a reasonably accurate knowledge of what is exposed for sale. All other particulars may be made out by testimony afterwards. Besides, it is settled by the highest authority, that "every reasonable intendment should be made, to support the titles of bona fide purchasers of real property," sold by judicial authority. See 13 Pet. R. 17; Van Ness & Jones vs Bank of United States.

3. But after all, the title of the plaintiff below, from the judgment to the sheriff's deed, is subject to the like and as great objections as those which are made to the title of the defendants below. And the defendant below is prior, in time, both as to right (his judgment lien being absent) and as to possession.

Bates' deed is said to be void for lack of boundaries, while it is precise in quantity and in position, calling for a particular one-fourth section, and for a particular New Madrid claim. The bank's deed has boundaries, it is true (which are not absolutely required, vide supra,) but mere artificial boundaries, requiring, to establish them, the same testimony as the land conveyed; and in other particulars, is less certain than Bates' deed. For instance, the quantity is vague; it may be one acre or six hundred and forty acres, for the section only is named and not the quarter section: it is part of a New Madrid claim, but what part is not stated. All these considerations arise under the motion for a new trial.

Bates & Wise vs. The Bank of Missouri.

DRYDEN, GLOVER & CAMPBELL, for defendant in error.

1. The words in the deed to Bates, descriptive of the thing granted, are "all the right, title, interest and claim of Wm. Muldrow, Wm. Wright, John McKee and Uriel Wright, in and to 35 acres and 75-100 of land, being a New Madrid claim, No. 2592, part of the s. w. qr. of section 25, township 58, range 6, w." The testimony of Mr. Pratt shews that the New Madrid claim No. 2592 covered the whole of the west half of section 25 and a part of section 36. The reference to the number of the New Madrid claim makes the description no more certain than it would be without it. The land granted these, lies somewhere in the s. w. qr. of sec. 25, but in what part, the deed furnishes no information. The land sold, "is not specified with such precision as from the description it can be reduced to a certainty," and the sale and conveyance are therefore void: Simonds vs. Cothin, 2 Caine's R. 65; Hart vs. Rector, 7 Mo. R. 531; Evans vs. Ashley, 8 Mo. R. 177; Fenwech vs. Floyd's Lessee, 1 Harris & Gill 172; Jackson vs. Dean, DeLancy, 13 I. R. 532.

In Simonds vs. Cothin, (2 Caine,) the descriptive words were, "all that farm or tract of land in Pompey in the tenure and occupation of the defendant" and were held to be too uncertain, and the deed void. In the case at bar, the words are less certain than in that case, in this, that the deed does not even purport to convey land which was in the possession or occupation of Wright.

2. It is conceded, that if a tract of land is known notoriously by a particular name, a description of it even in a sheriff's deed by its name is sufficient, but in this instance there is no pretence that the land in controversy was known either to the public or to individuals by any particular name. Pratt and Montgomery, only, show that "the land in dispute was well known in the community as the land of Wm. Wright," but do not show that the community knew it by the descriptive words in the deed: 3 Howard Miss. 230; 8 Peters p. 84; 10 Ohio 42; 14 John 352; 4 B. Mon. 210; 1 Har & Gill 173; 5 Mo. R. 484.

SCOTT, J., delivered the opinion of the court.

This was an action in the nature of an ejectment, begun by the respondent in the Marion circuit court, which was afterwards taken by a change of venue to the Hannibal court of common pleas, in consequence of the judge of the circuit court having been counsel in the cause. The respondent recovered judgment, upon which the proceedings were brought to this court by the appellants.

The appellants claimed the premises under a sheriff's deed to Bates which described them as "all the right, title, interest and claim of William Muldrow, William Wright, John McKee and Uriel Wright in and to thirty-five acres and seventy-five hundredths acre of land, being a New Madrid claim, No. 2,592, part of the south-west quarter of section 25, township 58, range 6, west." The execution under which the sheriff's deed was made, was directed against William Wright and the other parties above named. The issue in the cause was submitted to the court for trial. After reading the deed on which they relied in defense, the appellants offered oral evidence indentifying the land therein mentioned and tending to show that the premises conveyed were known by the description given them. This evidence was rejected. The court,

at the instance of the respondent, in substance declared the law to be, that the deed offered in defence of the action was inoperative and void; that the deed to Bates conveyed no title and that parol evidence to explain a *patent ambiguity* in the deed was inadmissible.

This court has repeatedly held, that however vague a description of the land sold under execution, a sheriff's deed might contain, yet parol evidence is admissible to identify the premises and show that in the community in which the sale takes place, they are known by the description given. The object of a description is to prevent imposition and a sacrifice of the property. If the subject of the sale is described so as to prevent these consequences, the law is satisfied: Hart vs. Rector, 7 Mo. Rep., 531; Landis vs. Perkins, 12 Mo. Rep., 238.

Parol evidence whose aim is to identify the premises conveyed by a deed, or to ascertain a subject matter to satisfy the description, does not fall within the rule which rejects oral testimony in explanation of a patent ambiguity. Greenleaf says, that, if in the conveyance of an estate, it is designated as Blackacre, parol evidence must be admitted to show what field is known by that name. Upon the same principle where there is a devise of an estate purchased of A, or a farm in the occupation of B., it must be shown by extrinsic evidence, what estate it was, that was purchased of A, or what farm was in the occupation of B, before it can be known what is devised. So, if a contract in writing is made, for extending the time of payment of "certain notes" held by one party against the other, parol evidence is admissible to show what notes were so held and intended.

The other judges concurring, the judgment will be reversed and the cause remanded.