BENJ. F. WEBSTER, ELISTON MARSH, *et als.*, Appellants, *v.* HENRY BLOUNT *et als.*, Respondents.

1. *Practice—Amendment—Return of Writs.*—The courts of this State will permit amendments to be made to the return of a writ to correspond with the facts of the case, and if the amendment be made at a term subsequent to the return term it will relate back to the proper return day.

2. *Conveyances—Sheriff's Deed—Description—Evidence.*—Parol evidence is admissible to show that the land described in a sheriff's deed is well known by the description given, however vague that description may be.

*Appeal from Audrain Circuit Court.*

*Ensworth,* for appellants.

I. The court below committed error by receiving parol evidence to show the authority of W. R. Roberts to change the return on the attachment—R. C. 1855, p.1257. The acts of a court can be proven only by its records—8 Mo. 535; 12 Mo. 598; 13 Mo. 511; 1 Pet. 340. The courts by order may permit an officer to amend his return, but not in cases to the prejudice of parties to the suit—9 Mo. 28. But it may be done in furtherance of justice—8 Mo. 334; 23 Mo. 223; 27 Mo. 227. Much less should the officers be permitted to amend to the injury of persons who were not parties to the record. I conceive that persons who were not parties to the record are not bound by the record, and that this change of the levy on to property that had been conveyed to the plaintiff is void as to them.

II. The court erred in permitting the respondent to introduce parol evidence to show the action of the court—8 Mo. 235; 12 Mo. 598; 13 Mo. 511.

III. The return is insufficient, the description of the property levied on and set out in the return being too vague and uncertain to identify any subject matter set out therein.

*H. M. & A. H. Vories,* for respondents.

I. The description of the land in the sheriff's deed was and is sufficiently certain to identify the land; and even if this were not the case, the evidence introduced left no doubt as to the land intended, and which was levied upon and sold. The 110 acres in section 26 is the only land involved in this suit.

As to the right of the officer to amend his return, see Corby, assignee, &c. v. Burnes, 36 Mo. 194; Blaisdell v. St. Bt. Wm. Pope, 19 Mo. 157, and authorities referred to; Gwyn. on Sher. 471, and authorities cited. And as to description of land, see Rector v. North, 8 Mo. 448; Landes v. Perkins, 12 Mo. 238; Lisa v. Lindell, 21 Mo. 127.

WAGNER, Judge, delivered the opinion of the court.

The assignment of errors and the exceptions saved on the record present two points to be determined here: first, the action of the court in permitting parol evidence to be introduced in regard to the amendment of the sheriff's return; and secondly, the objection taken to the insufficiency of the sheriff's deed for uncertainty of description. Courts have always exercised the power of permitting amendments to be made to promote the ends of justice and make the return conform to the truth—Blaisdell v. St. Bt. Wm. Pope, 19 Mo. 157; Corby, &c. v. Burnes et al., 36 Mo. 194. And where the amendment is made at a term subsequent to the return term, it will relate back to the proper return day—Malone v. Samuel, 3 A. K. Marsh, 350. We do not concede the fact in this case that the plaintiffs had the right to impeach the return, for the judgment return and execution under which the defendants purchased appear regular and in accordance with law, and there was nothing to apprise them of any defect or put them on their guard. But this question has not

been raised by the counsel on either side, and we will not further consider it.

The plaintiffs, at the hearing of the cause, introduced the clerk of the Circuit Court as a witness to prove that the sheriff, in his original return to the attachment suit under which defendants purchased the land, described the land as lying in section six. The defendants were then permitted by the court to show that the sheriff afterwards appeared in open court, and with the sanction of the court amended his return by inserting the word "twenty" before "six," so as to locate the land levied on in section twenty-six. To this the plaintiffs objected. The permission of the court to the sheriff to make the amendment, it seems, was not entered of record. There was no error in the ruling of the court.

The return was good and regular on its face. The plaintiffs sought to impeach it by parol testimony; and if they could do this, it was competent for the other party to uphold it by the same means.

There is no such indefiniteness or uncertainty of description in the deed as would invalidate it or prevent the land from passing. The deed describes the land as one hundred and ten acres, part of the north-west quarter of section number twenty-six, in township fifty-nine of range thirty-four, and this is the description in the special execution and in the sheriff's return thereto. The defendants proved by oral evidence of persons living in the neighborhood in which the land is situated, that the defendants in the execution in the attachment suit resided on the land for a number of years, and that the exact location of the one hundred and ten acres in the section was of public notoriety.

It has been repeatedly decided by this court, and must be considered as settled, that, however vague the description of land sold under execution in a sheriff's deed may be, parol evidence is admissible to identify the premises, and show that in the community where the sale took place the land was well known by the description given. The object of the description is to prevent imposition and a sacrifice,

and if the subject of the sale be described so as to prevent the consequences the law is satisfied—Bates v. Bank of Mo., 15 Mo. 309; Hart v. Rector, 7 Mo. 531 ; Landes v. Perkins, 12 Mo. 238.

The description here was amply good within the reasoning and principles of the above authorities, and the judgment must be affirmed. The other judges concur.