AARON McPIKE, Respondent, vs. WILLIAM J. ALLMAN, Appellant.

53 551
99 621
53 551
57a 451
53 551
150 423

1. *Sheriff's deed—Vagueness of description—Parol testimony to identify, when admissible.*—It may be considered as now settled in this State, that parol evidence is admissible to identify land vaguely described in a sheriff's deed ; and it is proper to show that the tract was well known by the description given; provided, that the description was sufficient to prevent persons from being misled as to the identity of the land, and to prevent a sacrifice of it at the sale.

2. *Sheriff's deed—Vagueness of description in—Parol evidence.*—In ejectment, plaintiff claimed under a sheriff's deed, which described the land as " eighty acres, part of the west half of section thirty-one, township fifty-three, range five," and recited that the sale was made by virtue of an execution against John B. Crow.   Parol evidence was introduced which showed that the tract was not known in the community by the description of " eighty acres part of the west half," etc.; but that it was known as the land of Crow ; that the land and the surrounding land was prairie; that Crow owned no other land in the immediate neighborhood ; that it was generally known, that he had sold the north 120 acres of the section, and owned no land in the half section but eighty-three acres on the south end.

*Held,* that the sheriff's deed was not void by reason of its vagueness, and that the sale passed the title.

*Appeal from Pike Circuit Court.*

*E. Robinson,* for Appellant.

I. The deed from the sheriff of Ralls Co. to McPike was on its face so vague and uncertain as to fail to describe any land whatever, and was, therefore, of itself, void, (2 Caines 65 ; 2 Wash. Real Prop. side p. 622 ; 13 Johns., 67; *Id.* 532), and the other evidence introduced did not supply the want of a proper description in the said deed, or cure the defect.   (34 Mo., 579.)

II. The deed should have described the land with such certainty, as that it could have been located and identified from the description itself; and in the event of a failure to do so, the omission could have been supplied only by evidence showing, that the " 80 acres " of land sued for was generally known, in the community where it was sold, by the particular description given in the said sheriff's deed.   This is as far as the courts have ever gone.   (7 Mo., 531; 8 Mo., 177; 15 Mo., 309; Clemens vs. Rannells, 34 Mo., 579.)   But there was no testimony in the cause which gave any certainty to the

description. The testimony did not tend to prove, that the description given in the sheriff's deed, " 80 acres, part of the west half of Sec. 31, Tp. 53, Range 5," had acquired any meaning in the community as descriptive of any particular tract of land whatever. The testimony did not tend to show that any particular " 80 acres?" was indicated by such description. The evidence showed that Jno. B. Crow owned " 83 12-100 acres" in the west half of Sec. 31, but the proof did not tend to show· what particular part, indeed, did not tend to show, that any particular part of said " 83 12-100 acres" was indi cated or known by the description, " 80 acres, part of W. 1-2 of Sec. 31, Tp. 53, R. 5.

III. As the testimony did not tend to prove the location or identity of the " 80 acres" called for in the sheriff's deed, the court erred in admitting said deed in evidence. (See 34 Mo., 579.)

*Fagg & Dyer and H. W. Biggs,* for Respondent.

I. There can be no doubt as to the propriety of admitting extrinsic evidence to show the location and exact description of the land intended to be conveyed. (Hart vs. Rector, 7 Mo., 531; Bates vs. The Bank, 15 Mo., 309; 17 Mo., 583; Lisa vs. Lindell, 21 Mo., 127.)

In the case of Clemens vs. Rannells, 34 Mo., 579, relied upon by the appellant, the extrinsic evidence offered by plaintiff to explain the description in the sheriff's deed was passed upon by the court trying the case, as insufficient, and the deed was excluded.

In case of Webster vs. Blount, 39 Mo., 500, the finding of the jury upon the extrinsic evidence introduced was sustained. The very object of permitting oral testimony is to identify the premises sold. This case is almost identical with the last case cited. In that case the description in the sheriff's deed was " one hundred and ten acres part of the N. W. 1-4 of Sec. 26 in T. 59 R. 34." Here the description is " 80 quarter acres, part of the west half of Sec. 31, T. 53, R. 5." The proof tended to show most conclusively, that Crow had no

other land in that section; that this south end of the fractional quarter in question was known in the community as Crow's land. The substance of the description of the land, as sold, really was all the interest and claim of Crow in that particular quarter section. That was sufficiently known in the community to prevent parties interested, or bidders at the sale, from being deceived as to the location of the premises sold. The quarter section, the number of the section itself, township and range, are all accurately given. The quantity stated is not to be taken in this case as an essential part of the description.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the Ralls Circuit Court, from which it was transferred for trial, by the agreement of the parties, to the Pike Circuit Court.

The action was ejectment brought to recover possession of a tract of land described as being "eighty acres off the south end of the west half of section thirty-one, township fifty-three, range five west."

The answer denied all the material allegations of the petition.

At the trial the plaintiff read in evidence a patent from the United States to Otho Pool, dated October 30, 1857, for the west half of section 31, township 53, range 5 west, containing 203 12-100 acres; also, a deed from Pool and wife to John B. Crow for the same land. The plaintiff then offered to read in evidence a deed from the Sheriff of Ralls county to the plaintiff, dated the — day of August, 1869, purporting to convey to plaintiff a tract of land described as follows: "80 acres, part of the west half of section 31, township 53, range 5," which deed recited that the sale was made by virtue of an execution against John B. Crow, and in favor of Aaron——, issued on a judgment rendered in Louisiana (Pike county) Court of Common Pleas. To the introduction of the deed in evidence the defendant objected, on the ground of the vagueness of the description of the land, and that no land was described. This objection was sustained by the court. The

plaintiff then, as preliminary to the introduction of said sher iff's deed, offered in evidence a deed from John B. Crow and wife to Robert W. Thompson, for 120 acres off from the north end of the west half of section 31, township 53, range 5 west. To the reading of which deed the defendant objected. His objection being overruled by the court, he excepted. The plaintiff then introduced, as a witness, one Perry A. Curry, who testified that some short time before the sale of the 120 acres to Robert W. Thompson by John B. Crow, he was employed by Crow to survey off from the north end of the west half of section 31, township 53, range 5 west, and did survey 120 acres off from the north end of said half section; that Crow told him at the time, that he owned the remainder of said half section, containing 83 12-100 acres; that there were no improvements on any part of said half section at the time. The defendant, at the time, objected to the evidence given by said witness, but the court overruled his objection, and the defendant excepted.

Robert W. Thompson was then examined on the part of the plaintiff, and testified, that he bought 120 acres of land off from the north end of the west half of section 31, township 53, range 5 west, from John B. Crow. The remainder of said half section, containing 83 12-100 acres, was south of the land purchased by witness. As to the general reputation in the community as to who was the owner of the remainder of said half section, after the purchase of witness, he could not say. Witness knew it belonged to Crow, but he had never heard it talked of in the community. Otho Pool, a witness for the plaintiff, stated, that he had entered the west half of section 31, township 53, range 5 west, and sold it to John B. Crow, who sold 120 acres off from the north end to Robert W. Thompson; that it was known in the community, that the remainder of the land belonged to Crow.

On cross-examination the witness further stated, that he lived some six miles from the land in controversy; that all of section 31, township 53, range 5 west, was prairie land,

had no timber on it; that none of the land adjoining the land in controversy was inclosed in 1869, at the time of the sheriff's sale to plaintiff, the nearest fence to the land being one-fourth mile distant; did not know to whom the land lying immediately west of the land in controversy belonged in 1869; it was wild land and the owner unknown. In 1869, when the land in controversy was sold to plaintiff, it was bare prairie land, without fencing or improvements, and without timber or anything to designate it from other prairie lands, and was not known in the community by any particular description or designation; was not known by the description of "eighty acres, a part of the west half of section 31, township 53, range 5." Witness had known the land since 1862, when he sold it to Crow; the land lies south of the land sold by Crow to Thompson; was called the Crow land.

The plaintiff being examined, stated, that he bought the land under an execution against John B. Crow.

The location of this land was known in the community; it was south of the land sold by Crow to Thompson; Crow had eighty-three acres there; he knew the land and its location by reason of his having been with the surveyor several years ago when he surveyed the west half of said section 31 for Crow, and some lands in the neighborhood for plaintiff. The land was known by the community to be Crow's land before he bought it at sheriff's sale, and by some persons afterwards. The land was about eighteen or twenty miles distant from New London, the county seat, where it was sold. In the neighborhood of New London he did not know that anything was known about the locality of the land, or to whom it belonged. It was good land, was worth from eight to ten dollars per acre, and witness did not know whether Crow had other land in the neighborhood or not in 1869.

After the introduction of this parol evidence, the plaintiff again offered to read the said deed made by the sheriff to plaintiff, in which the land was described as being "eighty acres, a part of the west half of section 31, township 53, range 5."

The defendant again objected to the reading of said deed in evidence, on the ground that the description of the land was too vague. This objection was overruled by the court, and the deed read in evidence, to which he at the time excepted.

The defendant then introduced one Parker as a witness, whose evidence tended to prove, that he knew the land in controversy, and was well acquainted in the neighborhood where it was situate, and had lived in five or six miles of the land for thirty years; that the land was never known by the description of "eighty acres, a part of the west half of section thirty-one, township fifty-three, range five;" that John B. Crow owned other lands in two or three miles of the land in controversy at the time of the sheriff's sale to plaintiff.

The foregoing being all of the evidence in the cause, the court instructed the jury as follows:

"If the jury believe, from the evidence, that in the year 1863 John B. Crow was the owner of the west half of section 31, township 53, range 5 west, and that the said west half of said section contained 203 12-100 acres—that during that year the said Crow sold 120 acres off the north end of said west half of said section to one Robert W. Thompson, and retained the south part of said west half of said section ; that the same was afterwards sold to the plaintiff by the sheriff of Ralls county under a judgment and execution against the said John B. Crow, then the plaintiff is entitled to recover in this action, although you may believe from the evidence, that the description in said sheriff's deed is vague and uncertain. Provided you shall further believe, from the evidence in the cause, that the land in controversy was known in the community where the sale took place by the description given in said, sheriff's deed, and that the exact location of said land was of public notoriety in said community."

The defendant objected to this instruction at the time, and, his objection being overruled, he excepted.

The defendant asked the court to instruct the jury, among other instructions, as follows:

"Before the plaintiff can recover the land in question, the

jury must believe from the testimony, that the land sued for was known in the community, in which it was situated, by the description given in the sheriff's deed to McPike, and, unless they believe that it was known by such description, they will find for the defendant."

" They are instructed, that on a petition in ejectment for the possession of a tract of land described in the petition as "eighty acres off the south end of the west half of section 31 township 53, range 5 west, they cannot find for the plaintiff on the evidence of a sheriff's deed for "eighty acres, part of the west half of section 31, township 53, range 5 west, unless they find from the other evidence, that the land was generally known in the community where it was sold by the particular description given in the deed."

These instructions were refused by the court, and the defendant excepted.

The jury then returned a verdict for the plaintiff.

The defendant in due time filed a motion to set aside the verdict and grant him a new trial, setting forth as grounds for the motion the opinions of the court excepted to, and that the verdict was against the law and the evidence. This motion being overruled, and final judgment rendered for the plaintiff, the defendant again excepted, and appealed to this court.

The questions presented by the record for the consideration of this court are: First, the objection of the defendant to the sufficiency of the sheriff's deed for the uncertainty in the description of the land; secondly, the objection of the defendant to the parol evidence offered to identify the land, and to make the description in the deed certain; and third, exceptions taken to the opinions of the court in giving and refusing instructions.

Similar questions, to those presented by the record in this case, have been before this court before, and it may now be considered as settled in this State, that parol evidence is admissible to identify the land vaguely described in a sheriff's deed, and show, that the land was well known by the description given; but it may be difficult to say exactly what and

how much parol evidence is required, but it seems to be admitted, that the parol evidence must show enough to satisfy the court, that the description given in the deed is sufficient to prevent persons from being misled as to the identity of the land sold, and to prevent a sacrifice of the property sold.

In the case of Hart vs. Rector, 7 Mo., 531, the description in the sheriff's deed was " three and one-half eighths of the Booneville tract, situate in Cooper county, on the south side of the Missouri river:" the deed was offered with this description, together with evidence, that the expression " Boonville tract " was at the time of the levy and sale and making of the deed well known, in the county of Cooper and neighborhood, to mean the northwest fractional quarter of section 35, township 49, range 17; and that said land had acquired the appellation of the " Boonville tract." This was held to be sufficient, the learned judge, delivering the opinion of the court, in his opinion remarked : " A sheriff has no right to sell land under execution, except such as he can describe with sufficient certainty so that purchasers may know what specific land is put up at auction, and where it lies. It is not necessary that the exact quantity of acres should be ascertained ; nor would it be necessary to set it out by metes and bounds ; but a reasonable degree of certainty is requisite, that the property of debtors may not be swept away under loose and indefinite executions and advertisements."

The next case, where the question under consideration was passed on by this court, was the case of Evans vs. Ashley, 8 Mo., 177. In that case the defendant had formerly owned twelve and a half arpents of land, adjoining the city of St. Louis, had sold it to another, who had laid the whole tract off into town lots with streets and alleys. After the land was thus laid out into town lots, six of the town lots, being only thirty feet wide each, were conveyed back to the defendant in the execution. The sheriff levied the execution on the interest of the defendant in the whole twelve and a half arpents, the defendant's deed to the six lots having never been recorded. The land was described in the advertisement, and in

the sheriff's deed, as the defendant's interest in the whole tract. This description was held to be insufficient, as no one could tell from the advertisement what interest was to be sold, and that the sheriff's deed, containing such description, conveyed no interest in the six lots owned by defendant.

The next case, where the same, or a somewhat similar question, was discussed, is the case of Landes vs. Perkins, 12 Mo., 238. In that case it seems, that a tract of land had been laid off into lots and blocks, but the whole tract still belonged to the defendant, and was described by the sheriff in the advertisement and deed as an entire tract of land, as it was situate before being laid out into lots, with some immaterial false descriptions.

The learned judge, who delivered the opinion of the court in that case, uses this language: "No error is seen in the refusal of the court to give the instructions relative to the appropriateness of the description of the lot, contained in the advertisement under which the sale was made to O'Fallon and Lindell. Clamorgan owned the whole lot, and the whole was sold. In this respect the case differs from that of Evans vs. Ashley. That the lot was sub-divided into streets and alleys; that it was sold in mass, and that a greater quantity was sold than was necessary to bring this case, so far as these objections are concerned, within the principle of the case of Hart vs. Rector, reported in the 7th Mo. Rep. It is there shown, that such irregularities in a sheriff's sale will avoid them in direct proceedings instituted to vacate them, but that they cannot be annulled collaterally. The authorities are there cited, and the argument made, and it is useless to repeat it here. Whether the description of the premises sold was sufficient would depend on extrinsic circumstances. If the lot was known by the description given, the sale would be valid, according to the principle settled in the case of Hart vs. Rector, 7 Mo., and parol evidence was admissible to establish that fact."

The same question was again brought before this court in the case of Bates vs. The Bank of Missouri, (15 Mo.,

309), where the case of Hart vs. Rector is approved, the court holding that, "however vague a description of the land sold under execution a sheriff's deed might contain, yet parol evidence is admissible to identify the premises, and show that in the community, in which the sale took place, they are known by the description given. The object of a description is to prevent imposition and a sacrifice of the property. If the subject of the sale is described so as to prevent these consequences, the law is satisfied."

In the case of Clemens vs. Rannells, 34 Mo., 579, the description in the sheriff's deed was, "all the right, title, interest, estate and property of him, the said James Mackay, deceased, of, in and to a tract of land situate about six miles northwestwardly from the city of St. Louis, on the River des Peres, containing fifteen hundred arpents, more or less, being a part of a tract of eighteen hundred arpents, granted to James McDaniel on the first day of February, in the year one thousand seven hundred and ninety-eight, by Don Zenon Trudeau, which said tract adjoins lands which were granted to Mary L. Papin."

There being no parol evidence which made the description appear any more certain, and no evidence to show that any particular tract of land was known by the description given, or that tended to locate the lands described in any particular part of the larger tract referred to in the description given, the description was held to be too vague, and the deed therefore void. .

The only remaining case, in which the question being considered was passed on by this court, is the case of Webster vs. Blount, (39 Mo., 500.) In that case the land was sold by the sheriff as the land of one Shrock, and described as being "110 acres, part of the northwest quarter of section No. 26, township 59 of range 34."

It will be seen, that this description is almost exactly such a description as the description in the sheriff's deed offered in evidence on the trial of the case now being considered. In the Webster vs. Blount case, parol evidence was given, by which

it was proved by persons living in the neighborhood of the land, that the defendant in the execution (Shrock) had resided on the land for a number of years; and that the exact location of the one hundred and ten acres of the section named was of public notoriety. This was held to be sufficient, and the sheriff's deed was held to be valid. The learned Judge, delivering the opinion of the court in that case, used this language: "It has been repeatedly decided by this court, and must be considered as settled, that, however vague the description of the land, sold under execution, in a sheriff's deed may be, parol evidence is admissible to identify the premises, and show, that in the community, where the sale took place, the land was well known by the description given."

I have briefly referred to all of the cases I have been able to find in the reports of this State where the subject has been considered; by which it will be seen, that it is well settled in this State, that parol evidence is admissible to identify the land sold, and give certainty to a vague description in a sheriff's deed. It will also be seen that no certain or definite rule has been laid down, and perhaps none can be laid down, which will be applicable to all cases, in reference to the kind and amount of parol evidence required to produce certainty in each particular case; but each case must be governed by the circumstances surrounding it. It would evidently be more satisfactory where the description is so vague as it is in the case now being considered, that the parol evidence should prove some physical facts which are accessible to all, by which the land can be identified when taken in connection with the description given, or that the land has acquired an appellation or name by which it is generally known, as in the case of Hart vs. Rector; but it seems from the cases that no rule has been adopted on the subject. In the case last referred to, Webster vs. Blount, the description was no more certain than it is in the present case. The evidence showed that Shrock lived on the land, and it was well known in the neighborhood. In the present case the parol evidence tends to show that the land is prairie land, and the land all around and

adjoining the land sold was open prairie land; that it is known in the community as the land of Crow; that Crow owned no other land in the immediate neighborhood of the land sold, and that it was generally known, that he had sold the north hundred and twenty acres of the half section described, and that he owned no land in the half section but the eighty-three acres on the south end thereof; so that it would be difficult to distinguish this case from the case of Webster vs. Blount. The only difference is, that in that case Shrock lived on the land. It must be admitted, that if this prairie land had been described by its legal sub-division as described in the government surveys, it would be difficult to identify it by that description without an actual survey, and then in such case the purchaser will have to resort to the reputation in the neighborhood, or inquire of those who actually knew the land, to have it identified, and it is not questioned that such description would be good. We think that the case was fairly presented to the jury by the instruction given by the court, and they have found for the plaintiff. It is true, that the evidence only tended to prove that the land was known in the community where situate, and the instruction tells the jury the land must be known where it was sold; but it is not thought that this could have prejudiced the defendant; and there being no evidence to show that there was any sacrifice of the land, we will not disturb the verdict.

It is not meant to be understood, that inadequacy of price alone would render the sale void, but if the price paid for the land was grossly inadequate, that fact might be taken in connection with other circumstances to show, in a well-balanced case, that the public had been misled by the description.

The judgment will be affirmed. The other Judges concur.