ADKINS v. MORAN *et al.*, *Appellants*.

**Sheriff's Deed**: DESCRIPTION: PAROL EVIDENCE. A sheriff's deed will not be held void because the description is in part unintelligible, if the land, intended to be conveyed, can be identified by parol evidence, (*following McPike v. Allman*, 53 *Mo*. 551).

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

*Harwicke & Barnum* for appellant cited *McPike v. Allman*, 53 Mo. 551; *Webster v. Blount*, 39 Mo. 500.

*Wm. Heren* for respondent cited *Campbell v. Johnson*, 44 Mo. 247; *Clemens v. Rannels*, 34 Mo. 579; *Jones v. Carter*, 56 Mo. 403; *Holme v. Strautman*, 35 Mo. 293; *Chadbourne v. Mason*, 48 Maine 389; *Hughes v. Streeter*, 24 Ill. 647.

NAPTON, J.—This was an action of ejectment to recover a portion of the northeast qr of Sec. 1, T. 59, R. 35, lying within certain metes and bounds recited in the petition.

The plaintiff's title was a deed from Walter Huffaker and wife, dated 23d February, 1871, which remised, released and forever quit-claimed the title to the seventy-three acres, more or less, described in the petition. The defendant relied on a sheriff's deed, made in 1865 and duly recorded, which recited a judgment against Huffaker, an execution, levy and sale of all Huffaker's title to the land described in it, which was "seventy acres P. N. of N. E. of Sec. 1, T. 59, R. 35." The deed is dated 7th April, 1865, duly acknowledged and recorded on the 18th of April, 1865. In connection with this deed, the defendant proved by various witnesses, who lived in the neighborhood of the land in controversy, that Huffaker owned and occupied the land in dispute in 1865; that there were about seventy acres in it; that it was on either side of One Hundred and Two river; that since that time a tenant of defendant occupied it; that this land was in the N. E. of Sec. 1, T. 59, R. 35; that in 1865 the land was known in the neighborhood as the Huffaker land; that Huffaker owned no other land nearer than one or two miles from this; that this was the only tract of land ever claimed by Huffaker on this river; that it is in the northeast part of the northeast qr of section 1. The court decided that the sheriff's deed was void for uncertainty, and gave judgment for plaintiffs, and this presents the only point in the case.

We are unable to distinguish this case from that of *McPike v. Allman*, (53 Mo. 551,) in which Judge Vories reviewed all the prior decisions of this court on the subject. The judgment must therefore be reversed, and the cause remanded. The other judges concur.

REVERSED.