LIVINGSTON COUNTY v. MORRIS, *Appellant.*

1. **Ejectment**: CERTAINTY IN DESCRIPTION OF LAND. A petition in ejectment should describe the land sued for in such terms that, in the event of plaintiff's recovery, an officer, charged with the execution of a writ of possession describing it in the same terms, will know from the writ what land it is his duty to put the plaintiff in possession of.

2. ———: ———: PRACTICE: EVIDENCE. If the deed under which plaintiff in ejectment claims title is defective in description, his petition should give an adequate description, and then upon the trial it may be competent for him to supply the defect by parol evidence.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Pollard & Chapman* for appellant.

*Davis & Wait* for respondent.

NORTON, J.—This is a suit in ejectment for the recovery of the possession of land in Livingston county; the petition being in the usual form. The answer is a general denial. Plaintiff obtained judgment, from which the defendant appealed. On the trial defendant objected to the introduction of any evidence, because the petition did not state a cause of action, in this, that the land sued for was so vaguely described that it could not be identified. This objection was overruled, and the action of the trial court in that respect is assigned as the principal ground of error. The petition described the land sued for as follows: " All that part of the east half of the northwest quarter of the southwest quarter of section 20, township 57, range 24, containing sixteen acres more or less.

We think it is clear that in an ejectment suit the land sued for must be so described that, in the event of a recovery, an officer charged with the execution of a writ of

possession would know, and be informed by it what land it was his duty to put the plaintiff in possession of. As a judgment in plaintiff's favor would have to describe the land as it is described in the petition, and as the description in an execution issued thereon would follow that contained in the judgment, the officer charged with the duty of executing it could not know from such a description even with the aid of the most skillful surveyor, what land' to take from the possession of the defendant and deliver the possession of to plaintiff. The description of the premises set out in the petition is so vague, uncertain and indefinite as to render its identification by an officer impossible, and for this reason the objection of defendant to the introduction of any evidence under the petition ought to have been sustained.

It appears from the evidence which the court received that plaintiff's title to the land is based upon a sheriff's deed conveying the land by the same description contained in the petition, and that it had been sold by him in pursuance of a power contained in a mortgage given to Livingston county to secure school money borrowed by one Matson, the owner of the land. Matson was introduced as a witness, for the purpose of identifying the land and showing that the description in the deed applied to sixteen acres of the twenty acres which was meadow land, and upon which he had lived twenty-five years, and that the other four acres of the said twenty acres had been laid off into town lots. Had the petition in this case described the land as sixteen acres off the east, west, north or south side or end of the east half of northwest quarter of the southwest quarter, section 20, township 57, range 24, as the fact might be, or any other description which identified it or rendered it capable of identification, then upon the introduction of the sheriff's deed, according to the ruling of this court in the cases of *Webster v. Blount*, 39 Mo. 500, and *McPike v. Allman*, 53 Mo. 551, it might have been competent for plaintiff, for the

2. ——: ——: practice: evidence

purpose of identifying the premises, to have shown by parol that the land was well known in the community by the description given, and that it was known as the Matson land.

We have been cited by plaintiff's counsel to the case of *McPike v. Allman, supra,* where all the cases germane to the question here involved, beginning with the case of *Hart v. Rector,* 7 Mo. 531, are commented upon, as an authority sustaining the action of the trial court. It will, however, be found, upon an examination of that case, that the petition described the premises sued for so as to identify the land. The petition described the land as "eighty. acres off of the south end of the west half of section 31, township 53, range 5." The description contained in the sheriff's deed offered in support of the title was "eighty acres part of west half of section 31, township 53, range 5." The court allowed parol evidence to be introduced to explain the vague description contained in the deed, and to show that it applied to the land sued for. So, if, in the case before us, as in that case, the petition had contained such a description of the land as identified it, evidence would have been receivable to have explained the vagueness of the description in the sheriff's deed to plaintiff. Judgment reversed and cause remanded, with the concurrence of the other judges.