## SIMMONS v. THOMPSON.

ATKINSON, J.  D. A. Thompson owned a tract of land in the town of
Covington, and carved out of it several parcels fronting south on Con-
yers street.  One of these was sold to W. B. Lee.  Subsequently the
most easterly parcel which bordered easterly on New street was sold
to W. R. Ingram, the deed describing the property as follows: "All
that tract or parcel of land lying and being in the city of Covington,
Newton county, State of Georgia, known as lot No. 9 in a survey of
D. A. Thompson's land, made by J. M. Heiger, fronting on Conyers
street one hundred feet, and running back north 220 feet, more or less,
until the back line comes even with W. B. Lee's lot, bounded on the
south by Conyers street; west by lands of D. A. Thompson; north by
D. A. Thompson, east by New street, thirty-three feet wide, which said
street is to be kept open as far back as Ingram's lot runs at least."
Held:

1. The descriptive words "running back north 220 feet, more or less, until
   the back line comes even with W. B. Lee's lot," are ambiguous and
   subject to be explained by parol evidence in an action of complaint
   for land between Thompson and his remote grantee.

2. In a suit for the recovery of land, the petition should describe the
   land with such accuracy, that, if a general verdict is found for the
   plaintiff, a writ of possession may issue based on such description.  If
   the evidence authorizes a recovery for a part of the land included in the
   description, the verdict, should likewise describe the land recovered with
   sufficient accuracy.  In the present case, the petition described the land
   for which suit was brought in a vague and indefinite manner.  Three
   amendments were made to it, but all of them were filed on the same
   day, and it can not be determined with certainty from the record in
   what order they were made.  They varied the description of the land
   in dispute, though themselves subject to criticism as to definiteness.
   The verdict was generally in favor of the plaintiff.  The evidence did
   not authorize a recovery based on any description made in the petition
   or the amendments, as a whole.  The verdict did not describe any
   particular part of the land included in such description, so as to adjust
   it to the evidence.  Held, that a new trial must be granted.

Judgment reversed.  All the Justices concur.

August 19, 1912.

Complaint for land.  Before Judge Roan.  Newton superior
court.  July 15, 1911.

C. C. King, for plaintiff in error.  Rogers & Knox, contra.