# ALBERT COLLINS v. MAX ANDRIANO,
## Appellant.

### Division Two, March 30, 1915.

1. **EJECTMENT: Description of Land.** The petition in ejectment must describe the land so definitely that the officer who executes the writ of possession will know to what land plaintiff is entitled.

2. ————: ————: **Insufficiency Cured by Statute of Jeofails.** The Statute of Jeofails will not cure a defective description in a petition in ejectment so lacking in certainty as not to describe comprehensively any land, even though an attack on its sufficiency is not made until after judgment for plaintiff.

3. ————: ————: ————: **This Case.** A petition in ejectment alleging plaintiff is the owner of "Lot 23 and the east ten feet of Lot 22" in a certain block and city, and that "defendant entered into said premises and took possession of a strip off of the N. 50 feet of the west eighteen inches of same," is too uncertain to support a judgment, it being impossible to say to what the word "same" refers, or from which lot the "same" is to be taken, or the width of the strip which is to be carved "off of the N. 50 feet of the west eighteen inches of same"; nor, even though an attack on the sufficiency of the description was not made until after judgment, is its insufficiency cured by the Statute of Jeofails.

4. ————: ————: **Aided by Abandoned Petition.** An abandoned petition is no longer a record matter, but only evidentiary, ordinarily available only to the defendant as an admission. To be considered on appeal it must have been offered in evidence at the trial and preserved in a bill of exceptions, and if there is no bill it cannot avail to aid the defective description in the amended petition.

Appeal from Buchanan Circuit Court.—*Hon. W. R. Amick,* Judge.

REVERSED AND REMANDED.

*Vinton Pike* for appellant.

(1) By the statute (Sec. 2387), as well as by general rules of pleading, plaintiff was required to

describe the premises he seeks to recover possession of. Livingston Co. v. Morris, 71 Mo. 603; Bricken v. Cross, 140 Mo. 166. In territorial measurement "strip" implies a piece of land having more length than breadth. This description is no better than "all that part of the east half . . . containing sixteen acres, more or less." County v. Morris, 71 Mo. 603. The petition describes nothing. Kyser v. Cannon, 29 Ohio St. 359. Is fatally defective. White v. Hapeman, 43 Mich. 267; DeClemente v. Winstanley, 28 N. Y. Supp. 513. (2) The land described in the verdict cannot be the equivalent of that in the petition, for the latter describes nothing. "Lands sued for" is surplusage, because the particular description following is complete without it and is unaffected by it. The fence is a monument on the ground, but it may be outside what was intended by "strip." The "southeast corner of the house" may also be outside, and 75 or 100 feet south of the North boundary of the "west eighteen inches," which may or may not be identical with the "front of the yard." Speculation as to want of identity between "strip" and the ground described in the verdict may be persued indefinitely. Smith v. Jenks, 10 Serg. & R. 153; Harrisburg v. Crangle, 3 W. & S. 462; Hunt v. McFarland, 38 Pa. St. 69; Nolan v. Sweney, 80 Pa. St. 77; Load v. Philips, 36 Tenn. 566; Bradford v. Sneed, 56 So. (Ala.) 532; Munger v. Grinnell, 9 Mich. 544; Miles v. Knott's Lessee, 12 Gill & J. 442; McCullough v. Railroad, 106 Ga. 275; Abbott v. Roach, 113 Ga. 510. (3) The "surveys" of Floyd and Van Natta are not monuments on the ground. Hahn v. Cotton, 136 Mo. 224. Clearly they did not mark the line; for, if so, the jury would have referred to the marks. This part of the verdict means no more than "the line testified to by Floyd and Van Natta, or by others as having been run by them." If Floyd and Van Natta made a diagram of their surveys it is no part of the record or

files in the case, nor of the deed, or any record of the county. This point has been many times before the courts, and ruled with the defendants. Smith v. Brotherline, 62 Pa. St. 471; Stewart v. Speer, 5 Watts, 79; Martin v. Martin, 17 S. & R. 431; Hagey v. Detweiler, 35 Pa. St. 409; Railroad v. Jordan, 87 Cal. 23; Alexander v. Wheeler, 69 Ala. 342.

*William E. Stringfellow* for respondent.

(1)   A general description of land in a petition in ejectment is sufficient foundation for a definite verdict. 15 Cyc. 93; Barclay v. Howell, 6 Peters (U. S.), 498; R. S. 1909, secs. 2387, 2388. (2) Any indefiniteness in the petition was cured by the verdict. There was no necessary averment omitted from this petition. It set out fully all necessary averments to make a cause of action. The fault, if any, is merely that the land was not described definitely enough. (a) If the defendant had desired the land sued for to be more definitely described, he should have filed a motion to make the petition more definite and certain. Cockrell v. Stafford, 102 Mo. 57; Macadam v. Scudder, 127 Mo. 345; Ball v. Neosho, 109 Mo. App. 683. (b) A petition which states a cause of action defectively is good after verdict. Bank v. Leyser, 116 Mo. 73; Hurst v. Ashgrove, 96 Mo. 173; Young v. Prentice, 105 Mo. App. 565; Robinson v. Life Ins. Co., 105 Mo. App. 571; Scannell v. Transit Co., 103 Mo. App. 513; Thomasson v. Ins. Co., 217 Mo. 485; Nowell v. Mode, 132 Mo. App. 232; Optical Co. v. Richards, 62 Mo. App. 408; Murphy v. Ins. Co., 70 Mo. App. 78; Jones v. Philadelphia, 78 Mo. App. 296; Hitchings v. Maryville, 134 Mo. App. 712; State ex rel. v. Reynolds, 137 Mo. App. 261; Wilson v. St. Joseph, 139 Mo. App. 557; 31 Cyc. 766; Doherty v. Kansas City, 105 Mo. App. 173. (c) A verdict or judgment will cure substantial as well as formal defects. 31 Cyc. 768; Bank v. Leyser, 116 Mo. 51;

Spurlock v. Railroad, 93 Mo. 537; Wilcoxson v. Darr, 139 Mo. 675; Smith v. Smith, 201 Mo. 533; Grove v. Kansas City, 75 Mo. 672; State v. Webster, 53 Mo. 135; Elfrank v. Seiler, 54 Mo. 134; State v. Cowell, 125 Mo. App. 348; Ball v. Neosho, 109 Mo. App. 683; Robinson v. Ins. Co., 105 Mo. App. 567. (d) A verdict cures a defective description of property. 31 Cyc. 764, 767; Richardson v. Farmer, 36 Mo. 44; Garth v. Calwell, 72 Mo. 22; Heman v. Allen, 156 Mo. 537, affirmed in 81 U. S. 402. (e) When the description of land in a petition in ejectment is not sufficiently definite, the jury should definitely describe the land found for plaintiff. Hunt v. McFarland, 38 Pa. St. 69; Black v. Black, 74 Fed. 978. (f) Error not affecting the substantial rights of the parties should be ignored. Pomeroy v. Benton, 57 Mo. 550; Nolan v. Railroad, 250 Mo. 602. (3) The verdict is good. The jury found definitely for the possession of a three-cornered strip which they bound on one side by the west side of plaintiffs' property, on the second side by the fence erected by defendant Andriano on plaintiffs' land, and on the third side by the front of the yard. These bounds are perfectly definite and clear. The last part of the verdict, "as shown by the surveys of William H. Floyd, Jr., and George S. Van Natta," is surplusage. Muir v. Meredith, 82 Cal. 19; Kouns v. Lawall, 5 Ky. 236; Lemon v. Hartsook, 80 Mo. 22. (a) Description by lot and block is sufficient. Alexander v. Campbell, 74 Mo. 142; Ramsey v. Henderson, 91 Mo. 560; Hope v. Blair, 105 Mo. 85; Taylor v. Railroad, 163 Mo. 183; Tettley v. McElmurry, 201 Mo. 382; Summett v. Summett, 208 Mo. 501; Mulligan v. Fritz, 226 Mo. 189; Prior v. Lambeth, 78 Mo. 538; Mulherin v. Simpson, 124 Mo. 611; Clark v. Bettelheim, 144 Mo. 258; Granby M. & S. Co. v. Davis, 156 Mo. 422; Lane v. David, 172 Mo. 167; Brooks v. Gaffin, 196 Mo. 351; Stumpe v. Kopp, 201 Mo. 412; Crossett v. Ferrell, 209 Mo. 704. (b) That is certain which can be made certain. If

there can be any question that the description of the land in the verdict and judgment is not of itself certain, the maxim that that is certain which can be made certain applies. It can hardly be disputed that the language used in the verdict and judgment at least gives the officer executing the writ sufficient information so that he can with no difficulty ascertain just exactly what land was covered by the verdict and judgment. Buse v. Russell, 86 Mo. 216; Baker v. Carrington, 68 N. Y. Supp. 405; Lockwood v. Drake, 1 Mich. 14; Greeley v. Thomas, 56 Pa. St. 25.

FARIS, P. J.—Plaintiff brought ejectment in the circuit court of Buchanan county and had judgment. Defendant appealed for that the record is erroneous. There is no bill of exceptions. The errors urged are alleged to be in the petition, and in the verdict. The petition, omitting the prayer for judgment and formal parts, is as follows:

"Comes now the plaintiff, and for his cause of action states that he and his wife, Agnes Collins, are the owners by the entirety of lot 23 and the east ten feet of lot 22, in block 3, Landis' addition to the city of St. Joseph, Buchanan county, Missouri, and on and prior to the 12th day of March, 1911, plaintiff was entitled to and was enjoying the peaceable possession of said property; that afterwards, to-wit, on or about the 13th day of March, 1911, the plaintiff then being so entitled to the possession of said property, the defendant entered into said premises and took possession of a strip off of the N. fifty feet of the west eighteen inches of same, to plaintiff's damage in the sum of $100, and unlawfully withholds from plaintiff the possession thereof."

The verdict, which is complained of, signature and formal parts omitted, reads thus:

"We, the jury in the above entitled cause, find for plaintiff for possession of the lands sued for, being

that part of the east ten feet of Lot twenty-two (22), block three (3), Landis's addition, lying between the fence erected by Andriano and now standing running from the southwest corner of the house to the front of the yard, and the west line of said ten feet, as shown by the surveys of William H. Floyd, Jr., and George S. Van Natta.''

The judgment followed the above verdict and was as to the description therein, responsive thereto.

I.   It is contended (1) that the petition does not state any cause of action; (2) that the verdict being, as it is alleged, special, is insufficient, and (3) that it is so vague and uncertain as to be void.

By a reference to the petition upon which the case was tried it will be seen that the title to a strip off of two parcels of land, or off one parcel, which consists or is made up of two separate lots or tracts, is averred to be in plaintiff and his wife as tenants by the entirety, that is to say, all of ''lot 23 of block 3 and the east ten feet of lot 22 of said block 3 in Landis's addition to the city of St. Joseph,'' and that defendant, as it is further averred, ''took possession of *a strip off of the N. fifty feet of the west eighteen inches of same.*'' It may be inferred from the petition, but it is not alleged, and except by such inference it does not appear therefrom, that said lot 23 and the east ten feet of lot 22 are contiguous and together form one compact parcel. But it is just as easy to infer that the parcels are separate and distinct; in which case it is not possible to say to what the word ''same'' refers, or from which lot the ''same'' is to be taken, or the width of the strip which is to be carved ''off the north fifty feet of the west eighteen inches.'' No difficulty was incurred, we apprehend, upon the trial in exactly and definitely locating the *locus in quo,* from which and the place at which, the carving off of the 18 inches in dispute was to be done, but defendant was entitled to

have it located in the petition.  If a demurrer had been filed, or if an objection *ore tenus* had been made to any testimony for that the petition was insufficient as to the land's description, we think there could be no two views in such case as to the law and that such demurrer, or objection *ore tenus,* would have lain.  [Livingston Co. v. Morris, 71 Mo. 603.]

In passing we may say that the original petition brought up to us by the respondent's additional abstract cannot avail respondent; for the reason that this petition was abandoned and the case tried upon the amended petition which we set out in our statement. An abandoned pleading is no longer a matter for the record proper; it becomes when abandoned, but an evidentiary matter available ordinarily only to the adversary side as an admission against interest and to be preserved for our consideration only in a bill of exceptions with other matters of mere evidence.  There is no bill of exceptions in the instant record, and so there is no petition before us for any purpose, except the amended petition upon which the case was tried below.

That the rule is that the petition must describe the land sought to be recovered so definitely that the officer who executes the writ of possession will know to what land plaintiff is entitled, can not be doubted.  [Griffin v. Hall, 111 Ala. 601; Lenninger v. Wenrick, 98 Ind. 596; Livingston Co. v. Morris, supra.]  Unless therefore the fact that the attack upon the petition herein came in at such time, i. e., after judgment, as that it is fully protected by our Statute of Jeofails, the contention of defendant ought to be sustained.

In the Statute of Jeofails, which ought to cure many harmless errors which it does not cure, we find no provision which reaches the difficulty which presents itself here.  [Sec. 2119, R. S. 1909; Hart v. Harrison Wire Co., 91 Mo. 414.]  Clearly, if the de-

264Mo31

scription be so lacking in certainty as not to describe comprehensibly any land, it is in no better case than it would have been if the description had been wholly omitted—a condition surely which no Statute of Jeofails could reach and cure.

For reasons which are fairly obvious, arising it is probable from the fact that there was not in England when we got the common law any deed registry, or recorder's act, and that lands bore for the most part local names by which estates were better known than the same could have been known by any mere description, there was not in England any very rigid requirement as to strict accuracy of description in a declaration in ejectment. [Tyler on Ejectment, 393.] But we cannot find that this lax rule of description has ever prevailed in the United States. The general rule seems to be that sufficient accuracy and definiteness of description shall be employed in the petition as that a judgment being obtained the officer may be enabled to locate the land in dispute and execute process thereon. [Newman v. Lawless, 6 Mo. 279; Livingston Co. v. Morris, 71 Mo. 603; 15 Cyc. 92; Simmons v. Thompson, 138 Ga. 605; Deweese v. Maxwell, 125 S. W. (Ky.) 145; Griffin v. Hall, 111 Ala. 601; Lenninger v. Wenrick, 98 Ind. 596; Tracy v. Harmon, 17 Mont. 465; Buesing v. Forbes, 33 Fla. 495; Holly River Coal Co. v. Howell, 36 W. Va. 489.] Viewed in the light of the above rule, we think it is clear that this description can not be cured either by verdict, or by any of the several Statutes of Jeofails.

No allegation having been made as to the relative position in Landis's addition in which said lots 22 and 23 lie to each other, it is clearly impossible to say from the petition whether the land in controversy is to be taken off of lot 22 or lot 23. The record, since there is no bill of exceptions here, does not show whether said lot 23 is north, or south, east or west of said lot 22, and since there is, we notice, no uniformity as to the rela-

tive position of any given numbered lot in a plat of a town, to any other given numbered lot, we are precluded from taking any judical notice of the location of these lots with relation to each other. In fact, it would be impossible to notice judicially any such relative location since we notice that no uniformity whatever prevails. The verdict shows—so counsel tells us—that the tract detained in unlawful possession by defendant is a triangular shaped or three-cornered parcel, whereas it is averred to be a strip of indeterminable width off the west eighteen inches of one or the other of the lots described in the petition.

The alleged defects in the verdict we need not consider, since it is scarcely possible that error will again occur therein at the next trial, whether error be now therein or not. We quote the verdict, however, in juxtaposition with the description in the petition, to illustrate how far short the petition fell of a proper description, even granting *arguendo* the sufficiency of the verdict. It follows that it is not necessary to decide whether the verdict be vague and indefinite as alleged and whether it be sufficient or not, since we find the petition fatally defective for lack of the sufficiency of the description of the land in controversy. Let the case be reversed and remanded for a new trial, if counsel for plaintiff be advised to amend his petition. It is so ordered. All concur.