## LEWIS vs. STEELE AND GODFREY.

In an action under the statute of Forcible Entry and Detainer, the complaint must *particularly* describe the premises detained.

The statute requiring these actions to be brought before two Justices, an adjournment when only one is present is irregular.

This was an action commenced by the defendants in error, for a wrongful detention of certain real property, before B. W. Lott and O. Simons, Justices of the Peace for Ramsey County.

The facts appear in the opinion of the Court.

RICE, HOLLINSHEAD & BECKER, for Plaintiffs in Error.

AMES & NELSON, for Defendant in Error.

MEEKER, J.   On the 5th of July, 1851, complaint was filed for Franklin Steele and Ard Godfrey, known by the style and firm of the St. Anthony Mill Company, setting forth that Eli F. Lewis held over the lands, tenements and other possessions of the complainants, on Hennepin Island, so called, at the Falls of St. Anthony, in the County of Ramsey, after the termination of the time for which they were let him.   And also, that the said Lewis held and continued in the possession of the house and premises on Hennepin Island, so called, at the Falls of St. Anthony, in the County aforesaid, let to him by the complainants contrary to the conditions of the lease or arrangement under which he held.   And also that the said Lewis had neglected to pay the rent of the house and premises let to him by the complainants on said Island for more than ten days after the same became due; that the agent of the complainants more than ten days previous thereto made demand in writing of the said Lewis that he deliver up possession of the said house and premises held as aforesaid, but the said Lewis, disregarding the said notice and demand, continued to hold and occupy the said house and premises, wrongfully and against the rights of the complainants.

Upon the complaint sworn to by one of the counsel of Steele and Godfrey, Bushrod W. Lott and Orlando Simons, Esqrs. two Justices of the Peace for Ramsey County, issued on the same day a summons citing Lewis to appear before them on the 15th day of the same month to "answer and defend against the complaint aforesaid."   On the 15th, in obedience to the summons, Lewis was present, but Simons, one of the Justices, was not; when, on motion for the plaintiffs, *a single Justice adjourned the cause to the 22d*, on which day they rendered judgment of restitution and costs, against Lewis who was not in attendance.

Lewis then sued out a writ of *certiorari*, and took the cause to the District Court of Ramsey County, where the judgment of the Justice was affirmed with costs.   To reverse this latter

judgment, he has brought it before this Court. This statement of the progress of the steps of the controversy as they chronologically arose, seems all that is necessary to dispose of the errors assigned, which will now be considered in the order in which they are made.

The first error assigned is, the insufficiency of the complaint. There does not appear to be much in the objection that it does not set forth, in terms, that there was a lease, or that the relation of landlord and tenant existed between the complainants and Lewis, as a lease, and that relation is necessarily implied in the language of the complaint. But the last clause of this assignment points to a defect not so easily answered—the vague and imperfect description of the premises sought to be recovered. It is not because this summary remedy is in the nature of a criminal or penal proceeding that some degree of strictness and particularity are required in the complaint; for the matter complained of is not with us indictable, nor is it in any just and appropriate sense a penal offence, since our statute imposes no fine, but simply because the law expressly demands that the complaint should "*particularly* describe the premises so entered and detained." The propriety of this requirement will suggest itself at once. It is necessary as a guide to the Justices whose duty it is made to lay before the jury the *cause* of complaint, and to issue to the proper officer final process of restitution in the event of a verdict for the complainants. Such an officer has no other guide but the precept placed in his hands, and, if that be vague and indefinite, to whom shall he go for information, or how is he to know with any certainty what the premises are which he is to deliver to the party entitled? Surely no one will contend that he should go beyond, or without the execution for his direction. In the case before us, the first description is, lands, tenements, and other possessions of the complainants, on Hennepin Island, so called, at the Falls of St. Anthony. How much of said Island is here meant? And are the lands, tenements, and other possessions referred to, on the lower or upper end of said Island? If either, how much? Or can this description be intended to mean the *entire* Island? The second and third descriptions are equally uncertain and insufficient.

The second error assigned is, that the venire was issued by the Justices at a time different from that when the summons was issued, contrary to the statute. Perhaps this seeming departure from the letter of the statute should not be deemed sufficient cause, by itself, of reversal, and should be considered directory only, and not imperative upon the Justices. But be this as it may, the third error relied on, is conclusive against the complainants. It is in substance, that the adjournment by one Justice, in the absence of the other, to the 22d, when a jury was empanelled, was wholly unauthorized and void. In ordinary matters of trust and confidence, and, as between individuals merely, a power and special authority conferred upon two or more cannot be executed by a less number than the whole. *Coke's Litt.* 113. *Powell on Devices*, 294, 304, and the authorities there cited. But here is a class of cases that no one Justice of the Peace is empowered to try, but the law reposes that trust and confidence in *two*, by constituting them a Court to issue process, to lay the matter of complaint before the jury, to render judgment, and issue execution thereon. How much more important that the rule of law above cited should apply where, as in this case, judicial power affecting the rights and property of many, is delegated to, and vested in the discretion of *two* officers of limited jurisdiction! Lewis having been summoned, therefore, to appear before the Justices on the 15th, and defend at the inquest, and but one Justice being then in attendance, who had no authority to do an act which the law required two to do, the process was on that day *spent*, and the trial on the 22d null and void.

The cause is therefore reversed with costs, but without prejudice to proceedings *de novo*.