ORTON vs. NOONAN and another.

18  447
84  286.

In ejectment, the judgment must follow the complaint in respect to the description of the land, and the writ of possession must follow the judgment.

Ejectment for the "south twenty-eight feet" of a village lot. It appeared from the evidence that the lot was rectangular, and two of its boundary lines ran east by 38 degrees north, the other two north by 38 degrees west. *Held*, that the description in the complaint of the premises which were the subject of the action, was so defective that if the plaintiff should recover judgment the sheriff could not put him in possession.

*Held*, therefore, that the court below did not err in nonsuiting the plaintiff.

The defect in the complaint not being apparent on its face, but only appearing from the evidence, the defendant was not required to take the objection by a motion that the complaint be made more definite and certain.

APPEAL from the County Court of *Milwaukee* County.

Ejectment for "the south twenty-eight feet" of a certain lot in the village of Humboldt, in said county. On the trial, the plaintiff put in evidence a plat of the village of Humboldt, from which it appeared that neither boundary line of the lot in question ran due east and west, but two of them ran east by thirty-eight degrees north, the others being at right angles with them. After the plaintiff rested, the court, on motion of the defendant, granted a nonsuit, on the ground "that the premises claimed were so imperfectly and uncertainly described by the complaint and evidence, both as to boundary and quantity, that from such description possession of the premises could not be delivered." From the judgment of nonsuit the plaintiff appealed.

*E. Mariner*, for appellant, contended that any person of common experience would understand the part of the lot intended by the description in the complaint; that the south twenty-eight feet was at all events some part of the lot, and the plaintiff was entitled to recover that part, whatever it was; and that if the description was uncertain, it was for the defendant to have had it corrected by motion before trial. *Kuehn v. Wilson*, 13 Wis., 104.

*I. P. Walker*, as to the insufficiency of the description of the

premises in controversy, cited Blackwell on Tax Titles, 151–2, 450; 13 Serg. & R., 151; 1 N. H., 93; 13 How. (U. S.), 18; 4 Peters, 349; 12 Wis., 388; 13 id., 641; 2 Ohio, 287; 6 id., 161; 9 id., 599; 15 id., 134; 5 Blackf., 51; 12 Ill., 409; 3 Iowa, 84; 2 Ham. (O.), 412; 5 id., 458; 6 id., 391.

*By the Court*, DIXON, C. J. We think the nonsuit in this case must stand, on account of the defective and uncertain description of the premises contained in the complaint. The judgment must follow the complaint, and the writ of possession the judgment. If the plaintiff should succeed, how could the sheriff put him in possession? Of what would he put him in possession? In attempting to do so the sheriff would at once meet with all the difficulties suggested by counsel for the defendants, and which perplexed the mind of the court below and of counsel here, and which this court is not yet prepared to resolve. Would he, as observed by counsel, divide the lot and put the plaintiff in possession by a line on the north running due east and west? Or by a line running north-east and south-west, parallel to the south-east line of the lot? Or by a line running parallel with the south-west line of the lot? No one can tell what the sheriff would do until he is put to the test of actual experiment. This shows what seems to us the utter fallacy of the suggestion of the plaintiff's counsel, that the court should give him a judgment and then send the sheriff out to find the premises. If the court, with the light of all competent evidence which can be brought to bear, cannot ascertain the premises from the description given, how is the sheriff to do so? Evidently he cannot. It is true that the sheriff is seldom or never provided with process so explicit on its face that he can, without the aid of extrinsic information, execute it with unerring certainty. He must avail himself of the information of others as to location, boundaries &c. But then he must always have process so certain on its face, that, with the help of such extrinsic information, he can look upon it and

say that such or such are the premises described. This he could not do in the present case, and therefore no recovery can be had upon the complaint as it now is.

No question of the duty of the court to allow an amendment of the complaint is presented. The plaintiff did not ask it, but stood upon the complaint as originally drawn. Nor is the uncertainty such an one as could have been corrected by adverse motion before trial. It does not appear upon the face of the complaint, but is only brought to view by the facts disclosed on the trial, and when we attempt to apply the description to the premises as they are actually shown to be.

Judgment affirmed.