The City of Crawfordsville *v.* Barr.

---

THE CITY OF CRAWFORDSVILLE *v.* BARR.

MECHANIC'S LIEN.— *Material Man.— Copy.—Notice of Lien.— Complaint.— Description of Premises.—Cases Distinguished.—Parties.*—In an action by a material man, against a city as the owner of real estate, to enforce a mechanic's lien for the value of materials furnished for and used in the construction of a building erected on such real estate by a contractor, the notice recited that the plaintiff had furnished the "material for the erection of the city engine building now being erected on *part* of lot number," etc., giving notice that he intended to hold a lien on said "part of said lot  *  and the improvements situate thereon," etc., but the complaint contained no more particular description thereof.

*Held,* on demurrer, that the description in the notice is sufficient, but, for want of averments rendering such description certain, the complaint is insufficient. *Bourgette* v. *Hubinger,* 30 Ind. 296, and *O'Halloran* v. *Leachey,* 39 Ind. 150, distinguished.

*Held,* also, on demurrer for defect of parties defendants, that the contractor, though a proper, was not a necessary, party.

SAME. — *Extent of Lien.*—A mechanic's or material man's lien attaches to the whole lot or subdivision of land upon which the building is erected, and not merely to the ground covered by it.

From the Montgomery Circuit Court.

*T. H. Ristine,* for appellant.

*R. B. F. Peirce,* for appellee.

NIBLACK, J.—This was a proceeding by Benjamin B. Barr, against the city of Crawfordsville, to enforce a lien upon a building erected by the city, for materials furnished for the building.

The cause has been before in this court. See *The City of Crawfordsville* v. *Barr,* 45 Ind. 258.

The complaint was in three paragraphs, but the second

paragraph was withdrawn after a demurrer to each paragraph had been interposed and overruled, and before the cause went to trial.

A trial by the court resulted in a finding and judgment for the plaintiff, and in a decree for the sale of the building and ground on which it is situated, to satisfy the judgment.

The first error assigned is upon the overruling of the demurrer to the complaint.

The first paragraph of the complaint was as follows:

" The plaintiff, Benjamin B. Barr, complains of the defendant, The City of Crawfordsville, and says, that during the month of September, 1872, Robert Alexander and Benjamin Whitsett, doing business under the firm name and style of Alexander & Whitsett, were engaged in the construction of a certain building and engine house, on part of lot 110 on the original plat of the town (now city) of Crawfordsville, in Montgomery county, Indiana, under a contract with the defendant, who was at the time, and now is, the owner of said part of lot No. 110; that, on the 7th day of November, 1872, and on various days between that day and up to and including the 14th day of November, 1872, the plaintiff furnished, sold and delivered to said Alexander & Whitsett, contractors as aforesaid, one hundred and thirteen thousand brick, at $7.62½ per thousand, to be used in the construction of said city building and engine house, and which said brick were used in the construction of said engine house and city building. And plaintiff says that there is yet unpaid and due him, from said Alexander & Whitsett, the sum of four hundred and sixty-one dollars, with interest thereon, being [the] amount of balance yet due this plaintiff for said brick furnished and used as aforesaid, a statement of which said account is filed herewith and made part hereof, and marked ' B.' And plaintiff further says, that afterward, to wit, on the 6th

The City of Crawfordsville *v.* Barr.

day of February, 1873, the said 6th day of February, 1873, being within sixty days after the completion of said city building and engine house, this plaintiff filed his written notice in the recorder's office, giving notice of his intention to hold his lien on said part of lot No. 110, and the improvements thereon, for said balance due him of four hundred and sixty-one dollars, which said notice was, on said 6th day of February, 1873, recorded in M. L. Record No. 1, page 128, a copy of which said notice, with the recorder's endorsements thereon, is filed herewith and made a part hereof, marked ' A.'

" Plaintiff therefore demands judgment for nine hundred dollars, and foreclosure of his said lien, and a sale of the premises and improvements, or so much thereof as may be necessary to pay his claim herein, and for all other proper relief."

The third paragraph of the complaint described the real estate against which it sought to have the plaintiff's lien enforced, in the same manner, and in substantially the same words, as it was described as above in the first paragraph.

The copy of the notice filed with the complaint was as follows:

" STATE OF INDIANA, MONTGOMERY COUNTY, } " CITY OF CRAWFORDSVILLE.

" To the Mayor and City Council of the City of Crawfordsville aforesaid, and to all others whom it may concern:

" Know ye, that I, the undersigned, having furnished material for the erection of the city engine building now being erected on part of lot number one hundred and ten (110), on the original plat of the town, now city, of Crawfordsville, to the amount of eight hundred and sixty-one dollars, with a credit on said bill of four hundred dollars, being balance due on said bill of four hundred and sixty-one dollars, I intend to hold a lien on said part of said lot 110, and the improvements sit-

uate thereon, for the payment of my claim for material furnished from time to time to Messrs. Alexander & Whitsett, contractors for the erection of said building.

"February 6th, 1873.　　　　　　　　　　B. B. BARR."

It is insisted by the appellee, that the question of the sufficiency of the notice did not arise in this case upon the demurrer to the several paragraphs of the complaint, and the cases of *Bourgette* v. *Hubinger*, 30 Ind. 296, and *O'Halloran* v. *Leachey*, 39 Ind. 150, are cited to sustain that position.

There was, however, an obvious difference between those cases and the case in hearing. Those cases were both actions *in personam* as well as *in rem*, that is to say, the complaint in each of them alleged facts establishing a personal liability against the defendant, in addition to a claim of lien upon the real estate which was set up under the notice in each case respectively; and, as each complaint was, at all events, good as the foundation of a personal action, this court very properly held, that a demurrer would not lie, and that the only way of raising the question of the sufficiency of the notices in those cases would have been to have moved to strike out of each complaint so much as related to the alleged liens under the respective notices.

In the case at bar, the action was *in rem* simply, and the validity of the plaintiff's claim to a lien on the real estate, conceding that there was some amount due him, depended alone upon the sufficiency of the notice. The notice in this case was, we think, the foundation of the action within the meaning of section 78 of the code, and hence properly made a part of the complaint. Its sufficiency was, therefore, necessarily challenged by the demurrer. This ruling is in accordance with the precedents established by this court. *The City of Crawfordsville* v. *Barr*, 45 Ind. 258; *The City of Crawfordsville* v. *Irwin*, 46 Ind. 438.

We consider the notice in this case as substantially an equivalent one to the notice contained, and held by this court to be sufficient, in the case of *The City of Crawfordsville* v. *Johnson,* 51 Ind. 397, and its sufficiency can, we think, be fairly sustained upon the theory that " that is certain which can be rendered certain." But, to have made this notice operative to enforce the lien established by it, we are of the opinion that there ought to have been some averment in the complaint particularly describing the part of the lot upon which the building referred to in the notice was situated, so that the portion of the lot intended to be sold to satisfy the lien might have been described by proper metes and bounds, or by some appropriate subdivision of the lot, in the order of sale and in the subsequent proceedings.

A mechanic's or material man's lien attaches to the lot or subdivision of land upon which the building is situate, and not necessarily only to the ground covered by the building. 2 R. S. 1876, p. 266, sec. 647.

It is quite evident to us, that both the first and third paragraphs—the only ones before us—of the complaint in this case are fatally defective for want of proper averments, giving a more particular description of the part of the lot intended to be designated by the notice. Our conclusion as to the insufficiency of these paragraphs seems to us to be fully sustained by the case of *Munger* v. *Green,* 20 Ind. 38; also, by the case of *Halstead* v. *The Board of Comm'rs of Lake Co.,* 56 Ind. 363.

Defect of parties was also assigned as a ground of demurrer to the complaint, in the proceedings below, alleging that Alexander & Whitsett ought, also, to have been made parties defendants to the action.

While those gentlemen might properly have been made codefendants with the appellant, yet, as no judgment of any kind was demanded against them, they were not nec-

essary parties to the action. The objection, therefore, that they were not, also, made defendants, was not well taken.

As the judgment must be reversed, for want of a sufficient complaint, it is unnecessary that we shall review the proceedings below subsequent to the overruling of the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the first and third paragraphs of the complaint, and for further proceedings.