Nowlin *et al. v.* Whipple.

———————◆———————

No. 10,328.

## NOWLIN ET AL. *v.* WHIPPLE.

SUPREME COURT.—*Briefs.*—A brief which merely states questions, without discussing them, does not bring any question before the Supreme Court.

SAME.—*Instructions.*—Written instructions given do not become part of the record without a bill of exceptions, where the only signature thereto is that of counsel to exceptions on the margin. R. S. 1881, sections 533–535.

From the Dearborn Circuit Court.

*F. Adkinson* and *A. W. Gaines,* for appellants.

*O. B. Liddell, W. H. Dowdell* and *J. A. Wilson,* for appellee.

Nowlin *et al. v.* Whipple.

FRANKLIN, C.—The errors assigned in this case are the overruling of the demurrer to the second paragraph of the answer and the overruling of the motion for a new trial.

There is no sufficient brief by appellant on file to present any question for consideration. There is a supersedeas brief, containing a statement of the facts, the pleadings, the rulings of the court and the assignment of errors, but it points out no objections, contains no argument and cites no authorities. This does not meet the requirements of a submission brief.

The record was filed in this court July 6th, 1882; the supersedeas brief was filed at the same time, containing the following statement: "These points we propose to discuss at length in a brief to be filed when this cause is submitted."

Appellee filed a brief August 29th, 1882, and on his motion the cause was submitted November 28th, 1882. On the 19th day of January, 1883, appellants filed a paper containing the following statement: "We submit this cause upon the brief heretofore filed on behalf of the appellants, without further argument, reserving the right to cite authorities and to file an answer to the brief of the appellee before the papers in this cause shall be distributed."

Five months have elapsed since, and no additional brief containing objections, arguments or authorities, has been filed by appellants. Perhaps the reserved rights in this respect have been exhausted. But, notwithstanding the want of a proper brief by appellants, we have examined the second paragraph of the answer, and, in the absence of any objection being pointed out, we have been unable to discover any that requires it to be held bad on demurrer. There was no error in overruling the demurrer to it.

The giving of instructions to the jury and the refusal to give others are the only questions stated in the supersedeas brief arising under the overruling of the motion for a new trial. The evidence is not in the record. Four paragraphs of writing are copied in the record as the instructions given. The record states that these instructions were asked to be

given by the defendant, but the record does not show that they were given. There is a marginal note signed by plaintiffs' counsel to each paragraph, stating, " Given and excepted to." These paragraphs are not signed by the judge. There is no bill of exceptions in the case. The record does not show that these paragraphs, as instructions, were ever given to the jury, or filed in the case, or ordered to be made a part of the record by the court. The record does not contain any instructions asked and refused to be given, nor show what instructions were given.

No question is properly presented by the record upon the motion for a new trial. What little record there is in the case appears to show that the whole cause and appeal is without merit, and that no good could result from further delays for appellants' brief. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.