Filed Dec. 15, 1883.

92 119
133 452

## No. 9746.

## College Corner and Richmond Gravel Road Company *v.* Moss et al.

REAL ESTATE.—*Action to Recover.*—*Complaint.* — *Description of Lands.*—A complaint in ejectment, or in a summary suit to recover possession of lands, must describe the lands with certainty, and the degree of certainty sufficient in a deed will not always be sufficient in pleading.

SAME.—*Insufficiency of Complaint on Motion in Arrest of Judgment.*—*Evidence.*

—In such actions, the description of the premises in the complaint can not be aided by evidence; and if such description is not sufficient to enable the sheriff to ascertain the property to be delivered, the complaint is insufficient on demurrer or on motion in arrest of judgment.

SAME.—A complaint in ejectment, or in a summary suit for the recovery of land, describing the premises as "about one-fourth of an acre situate in the northwest corner of section (giving the number, town and range), in U. county, Indiana, being the same parcel now in possession of defendant, and enclosed and used as a toll-gate, and garden and toll-house," is bad on motion in arrest of judgment.

From the Union Circuit Court.

*B. Burk* and *L. H. Stanford*, for appellant.

*T. D. Evans*, for appellees.

BLACK, C.—The appellees sued the appellant to recover possession of real estate. The complaint was in four paragraphs. The first two were in the usual form of complaints in ejectment under the code; the third was for the recovery of real estate from the defendant as a tenant holding over; and the fourth was for forcible detainer.

The only question which requires examination is that of the sufficiency of the complaint on motion in arrest of judgment. It is claimed that the complaint was bad because of insufficiency of the description of the premises in each paragraph. In the first paragraph the description was as follows:

"About one-fourth of an acre of land situate in the northwest corner of section number 25, township 12, range 1 west, in Union county, Indiana, being the same parcel now in possession of defendant, and enclosed and used as a toll-gate, and garden and toll-house."

In the second paragraph the description was as follows:

"About one-fourth of an acre of land situated in the northwest corner of section number 25, township 12, range 1, west, in the county of Union, and State of Indiana, being the same now used by the defendant for toll-house and garden."

In the third paragraph it was alleged, that, on, etc., the plaintiffs, being the owners thereof in fee simple, leased to

the defendant for five years, " the following described lands situated in the county of Union and State of Indiana, to wit: About one-fourth of an acre of land situated in the northwest corner of section number 25, township 12, range 1 west."

In the fourth paragraph, the description was as follows:

"About one-fourth of an acre of land situated in Union county, Indiana, in the northwest corner of section 25, township 12, range 1 west, being the same now occupied and held by defendant for toll-house and garden, under a lease for five years from," etc.

The degree of certainty in the description of real estate, which will suffice in a contract, will not always satisfy the requirements of pleading. A deed will sometimes be held void for uncertainty in the description of the premises; but, if it be possible, effect will be given to the intention of the parties. *Peck* v. *Mallams*, 10 N. Y. 509, 532; *Rucker* v. *Steelman*, 73 Ind. 396, 407. And this may be done where the intention to embrace certain definite premises in the description can be gathered from the language of the deed illustrated by known extrinsic facts agreeing with the written description, parol evidence being always admissible to explain, if possible, the calls of a deed, for the purpose of their application to the subject-matter and of thus giving effect to the deed, but not for the purpose of showing that it was intended by such description to convey a tract different from that described. Tyler Boun., 285; *Coats* v. *Taft*, 12 Wis. 388; *Norwood* v. *Byrd*, 1 Rich. 135 (42 Am. Dec. 406).

If, after applying to the words of a deed all the explanations that can be afforded by evidence as to the situation of the parties and condition of the subject-matter, it can not be ascertained by reasonable intendment that certain premises, with definite boundaries, were understood by the parties as embraced in the description employed in the deed, and what was intended by the instrument remains a matter of mere conjecture, the deed will be void. *Colcord* v. *Alexander*, 67 Ill. 581; *Gilley* v. *Childs*, 73 Maine, 130.

In an action, the purpose of which is to affect the title or possession of real estate, founded upon an instrument in which there is a description of the real estate, defective but capable of aid from extrinsic facts, the complaint should give an ac-curate description of the property, so that its exact bounda-ries may be known from the description in the complaint. *Slater* v. *Breese*, 36 Mich. 77; *Livingston Co.* v. *Morris*, 71 Mo. 603; *Whittelsey* v. *Beall*, 5 Blackf. 143; *Halstead* v. *Board, etc.*, 56 Ind. 363. And this is true in such actions whether based upon a written instrument or not.

" In real actions, whether petitory or possessory, a definite legal description of the property claimed should be given, so that courts may know what they are called upon to decide, and the world may know what they have decided." *McManus* v. *Stevens*, 10 La. An. 177.

In an action, the object of which is to procure the sale or the delivery of the possession of real estate by the sheriff, the judgment must so describe the property that the officer may deliver it, though this description may be in part based upon evidence extraneous to the instrument which is the founda-tion of the suit, as a deed, mortgage, or notice of a mechanic's lien, the description in which instrument may be sufficient to make it operative and yet not sufficient for a complaint based thereon. *Whittelsey* v. *Beall, supra;* *Halstead* v. *Board, etc., supra;* *Munger* v. *Green*, 20 Ind. 38; *City of Crawfordsville* v. *Barr*, 65 Ind. 367.

In ejectment under the code, if the defendant make defence, it is not necessary to prove him in possession of the premi-ses. Section 1056, R. S. 1881.

In such case, the defendant's possession of the land de-scribed in the complaint is admitted, for the purposes of the action. It will be presumed that he concedes the description of the land to be as stated in the complaint, and evidence tending to prove boundaries is immaterial and irrelevant. *Applegate* v. *Doe*, 2 Ind. 169; *Voltz* v. *Newbert*, 17 Ind. 187; *Rucker* v. *Steelman, supra.* Therefore, when, in an action under

the code to recover the possession of real property, the defendant makes defence, the description of the premises in the complaint can not be aided by the evidence; and if the complaint, because of defective description of the premises be bad on demurrer, it will be bad on motion in arrest.

It was the ancient rule in ejectment that the description of the premises must be so certain as to enable the sheriff to know exactly, without any information from the lessor of the plaintiff, of what to deliver possession. That rule was abolished in England, and it became the practice for the sheriff to deliver possession of the premises recovered according to the direction of the plaintiff, who therein acted at his own peril. Under this relaxed rule, very general and vague descriptions were used. *Talbot* v. *Wheeler,* 4 Day, 448; *Barclay* v. *Howell,* 6 Pet. 498; Tyler Eject. 393, *et seq.* This relaxed rule in ejectment was recognized in *Whittelsey* v. *Beall,* *supra,* where it was said, per SULLIVAN, J., that in a sale of land on execution the case was different; that then the sheriff, at his own peril, must enter upon and sell the right land.

The relaxation of the rule in ejectment opened the way to many vexatious applications to correct errors of the sheriff. Taylor Land. and Ten., section 704.

The provisions of our code for the recovery of the possession of real property require that the plaintiff, in his complaint, shall particularly describe the premises. Section 1054, R. S. 1881. And our statute providing for the proceeding against a tenant holding over, and for the proceeding for forcible entry and detainer, requires that the complaint shall describe the premises with reasonable certainty. Sections 5225, 5237, R. S. 1881.

The complaint in ejectment should so describe the land that an officer, charged with the execution of the writ of possession, describing it in the same terms, will know from the writ what land it is his duty to put the plaintiff in possession of. *Livingston, etc., Co.* v. *Morris, supra; Harrison, etc., T. P. Co.* v. *Roberts,* 33 Ind. 246.

In *Miller* v. *Miller*, 16 Pick. 215, it was said: "The degree of certainty sufficient in a deed of conveyance, would often be insufficient in a legal process, because in the former, an indefinite description may be made good by evidence *aliunde.* * * Reasonable certainty is necessary in a petition for partition, to enable the respondent to traverse the petitioner's seizin, to enable the court to decide how partition shall be made, and to enable commissioners, after an interlocutory judgment, to ascertain the estate to be divided."

In ejectment, the judgment must follow the complaint as to the description of the property, and the writ of possession the judgment. *Winstanley* v. *Meacham*, 58 Ill. 97; *Orton* v. *Noonan*, 18 Wis. 447.

The sheriff must have process so certain on its face that, with the aid of such information as he can obtain from others as to location, boundaries, etc., he can look at the writ and say that such or such are the premises described. *Orton* v. *Noonan, supra.*

So, in the summary proceeding for forcible entry and detainer, the judgment and writ of restitution must pursue the complaint. *Murphy* v. *Lucas*, 2 Ohio, 255.

In the case last cited, a complaint for forcible entry and detainer described the premises as "the lower part of a tract of land situate on the bank of the Scioto river, opposite Piketon, the same being patented to the complainant by a patent from the President of the United States, bearing date the 2d of March, 1821." This was held insufficient. It was said that the complaint must describe the premises with such certainty as will apprise the defendant of what is demanded of him, and as will afford a guide to the sheriff in executing the writ of restitution.

In Minnesota, under a statute requiring that the complaint, in a summary proceeding, should "*particularly* describe the premises so entered and detained," descriptions of the premises as "the lands, tenements and other possessions of the complainants, on Hennepin Island, so-called, at

the Falls of St. Anthony, in the county of Ramsey; " and as " the house and premises on Hennepin Island, so-called, at the Falls of St. Anthony, in the county aforesaid, let to him by the complainants," were held insufficient in *Lewis* v. *Steele*, 1 Minn. 88.

In Michigan, under a statute requiring that in the summary proceeding the complaint should " describe the land or tenements," it was said in *Clark* v. *Gage*, 19 Mich. 507, that "Although the statute has not expressly suggested the degree of precision with which the premises should be described, the nature of the proceeding itself and the circumstance that the law declares that the lands or tenements shall be described sufficiently indicate the necessity of a description so definite and intelligible as *prima facie* to designate and identify the premises intended. * * * The complaint is of the nature of a pleading, * and the degree of certainty with which it should describe the premises, should be measured by the rules of pleading, rather than by those which govern contracts." The complaint " should be so precise as *prima facie* to give to the defendant who is to answer to the complaint, the tribunal appointed by law to decide upon it, and the officer who may be required to put complainant in possession, a distinct idea of the very premises in question." In that case, the description, which was held insufficient, was, "A farm in the town of Quincy, in the said county, lately occupied by complainant, being the same farm mentioned in the writing executed between the said Clark and complainant, and dated November 24th, 1866, by which complainant let the said farm to the said Clark. That the complainant let said farm to the said Clark for one year, and although that period has now elapsed yet the said Clark is now holding over said premises after the time for which they were let to him as aforesaid."

In *Atwood* v. *Atwood*, 22 Pick. 283, which was a writ of dower, the declaration referred for particular description to a certain deed. It was held that the description could not be thus aided, though such a reference would be good in a con-

veyance of land, or in a demand for dower before action brought. " But when lands are demanded, the description of them must be so certain that seizin may be delivered by the sheriff without reference to any description dehors the writ." See *Struble* v. *Neighbert*, 41 Ind. 344.

A judgment in a summary proceeding by a landlord against a tenant holding over, founded upon a complaint in which the description of the premises is insufficient, "would hardly authorize the issuing of a writ which would justify the officer in putting the plaintiff in possession of any particular property." *Jolly* v. *Ghering*, 40 Ind. 139.

The action of the circuit court in dismissing a complaint in an action for forcible entry and detainer, commenced before a justice, which described the premises as "Three and one-half acres off of" a specified tract, was approved in *Klingensmith* v. *Faulkner*, 84 Ind. 331.

In *Leary* v. *Langsdale*, 35 Ind. 74, a complaint in a summary action by a landlord against a tenant holding over was held insufficient on motion in arrest of judgment, because it did not describe the property with reasonable certainty, or state in what county or state it was situated.

It was evidently the purpose of the statute requiring a description of the premises in ejectment to abolish the former loose practice, so that the officer should no longer follow the direction of the plaintiff in placing him in possession, but might be given a writ sufficiently describing the premises for that purpose. And the intention in the statute in relation to forcible entry and detainer, and tenants holding over, must have been to make a similar rule applicable to those cases.

As either in the action under the code or in the summary proceeding the plaintiff can not recover other property than that described in his complaint, and as the statute requires that the property be described in the complaint, and as the verdict and judgment and writ of restitution must follow the description in the complaint, a motion in arrest will lie when the description in the complaint is not sufficient to enable the

sheriff to verify with exactness the property to be delivered by him to the plaintiff.

In *Walsh* v. *Ringer*, 2 Ohio, 327, which was an action of ejectment, both parties deduced title from one Ward. The plaintiff claimed by a sheriff's deed under an execution against Ward, the description being "Seventy acres of land, it. being and lying in the southwest corner of the southwest. quarter of section 14, township 12, range 5, of the lands sold at Steubenville." Ward had owned seventy acres situated on the west side of said quarter section, and being a parallelo-gram, its southwest corner being the southwest corner of said quarter section, its west line extending thence northward one hundred and sixty perches, its south line extending eastward from said corner seventy perches. The defendant claimed under a junior conveyance from Ward for seventy acres described by metes and bounds exactly including the land so owned by Ward. The defendant claimed that the land was not described in the levy and sheriff's deed with sufficient certainty to pass title. It was held that the southwest corner of said quarter section was a base point from which two sides of the land conveyed by the sheriff should extend an equal distance, so as to include by parallel lines the quantity conveyed; and that the plaintiff should have judgment for so much of the land so owned by Ward as would be bounded on the west side by a line running north from the southwest corner such a distance that a square, with sides of such length, would include seventy acres.

The description there in dispute was a general description in a sheriff's deed, without any words of particular description, and the description was held to be a definite one, complete and sufficient in itself, without ambiguity, the construction of the terms employed being matter of law, and independent of the intention of the parties. If such description was thus unambiguous, it would be a sufficient description in pleading.

*Cunningham* v. *Harper*, Wright (Ohio), 366, was ejectment,.

and the defendant claimed by a tax deed, in which the land was described as " fifty-one acres in the northeast part of tract one," etc. This was held to be sufficient, and to indicate fifty-one acres in a square form in the northeast corner of the tract, *Walsh* v. *Ringer, supra,* being cited.

The rule is well settled that where there is ambiguity in the description in a deed, the language will be liberally construed to effectuate, if possible, the intention of the parties. See note to *Norwood* v. *Byrd,* 42 Am. Dec. 410. The general application of the technical rule of construction announced in *Walsh* v. *Ringer, supra,* would probably result in defeating the intention of the parties quite as often as it would effectuate such intention, and this fact would seem to impeach the wisdom of the rule. It may be open to doubt, whether it is in accord with the ordinary understanding of men to say that a conveyance of a certain number of acres situated in a certain corner of a larger definite tract, necessarily, in the absence of fraud or mistake, applies only to a square, without regard to the intention of the parties, and may not be explained by extraneous facts.

There may be more reason in requiring a pleading based on an instrument containing such a description to more accurately describe the premises, than to make an inflexible rule by which, in a case where ambiguity might be explained, such a deed must be construed to convey a square, though the grantor may not own a square, but may own the quantity of land specified, and though, there being no mistake or fraud, the parties may intend a conveyance of the land not in a square form.

But in the case at bar the quantity of land is not definitely stated. As an element in the description of land, the statement of the quantity is the least reliable. An uncertainty in the statement of the quantity of land in a description which is otherwise accurate and complete, as by the use of " about " or " more or less," will not vitiate the description, for the statement of quantity may be rejected as surplus-

age, and the description will be still complete; but when the other parts of the description are not sufficiently certain, the quantity becomes essential in determining the identity of the land; and if all the means of description be uncertain, the pleading is bad. *Kirkland* v. *Way*, 3 Rich. L. 4 (45 Am. Dec. 752).

In the third paragraph, that against a tenant holding over, the land is described, in effect, as a piece or parcel of land of uncertain size, situated in a certain corner of a certain section, no attempt being made to indicate its form, its quantity being merely approximated. In all the descriptions, it is apparent that the pleader gave more attention to mere locality than to exact quantity or dimensions. If the quantity were certainly expressed, it might control an uncertain boundary, and if a certain boundary were stated, it might control an uncertain statement of quantity; but if the technical rule of *Walsh* v. *Ringer, supra,* be correct and generally applicable to deeds of conveyance, it can not be applied except when the quantity is certain. If it should be said that the description in the third paragraph indicated a square, the court and the sheriff must still be uncertain as to its size.

If the words of description used in the third paragraph indicated a square, then the same words did so when used in the other paragraphs, unless controlled and modified by the particulars there added to them; and if the description in the third paragraph was bad, those in the other paragraphs were also insufficient, unless aided by the particular additional facts therein stated. In a complaint to recover possession of land, as in a deed of conveyance, words of particular description control more general terms. *Inge* v. *Garrett*, 38 Ind. 96; *Gano* v. *Aldridge*, 27 Ind. 294. A description may be controlled by a further description; the addition of a particular circumstance to a general description will operate as a restriction. But a general description, which is definite and certain, can not be restricted; and if it be uncertain, it can

not be aided by the addition of particular circumstances which are themselves vague and uncertain. The whole description should be consulted, and, if possible, it should be so construed as to give effect to all its parts; but if, by applying the whole description, or by rejecting part and applying the remainder, reasonable certainty can not be arrived at, the pleading is insufficient.

If we should say that the description in the third paragraph was sufficient because designating certain land without ambiguity, and should then say that the particulars added in the other paragraphs modified the meaning of the words used in the third paragraph, we would be saying that an unambiguous, certain, definite and self-sufficient description may be varied and restricted by the addition of such particulars. If we do not, however, give such effect to said additional circumstances, we are rejecting them as surplusage. And if we should give them effect to control and restrict, they might not indicate land in a square form; but if the land was not in a square form, the whole description does not, in any case, indicate its exact form. The particular facts stated did not give certainty. The facts, that a part of the land was occupied by a house, and that the land was used for a toll-gate and garden, and was enclosed, and was in possession of the defendant, and had been leased to the defendant, did not indicate the shape or exact quantity of the land to the court. See *City of Crawfordsville* v. *Barr*, 65 Ind. 367.

The sheriff could not, under such a description, deliver the land without the exercise of arbitrary discretion. It is not contemplated by law that the rights of parties, after judgment, shall depend upon the discretion of the sheriff, who, in the execution of the writ, performs a merely ministerial function.

The summary proceeding may be brought either in the circuit court or before a justice of the peace. In either case, the rule of pleading as to the description is fixed by statute. If, in view of this fact, there could be any greater liberality

exercised toward a pleading in an action commenced before a justice, this could make no difference in a case commenced in the circuit court.

It is no hardship to require conformity to the statute. The defendant should be fully apprised by the complaint as to what property is demanded, so that he may, if he so desires, disclaim as to a part thereof, and defend as to a part. The officer who is to place the plaintiff in possession, if he succeed, should be left to resort to extrinsic facts only so far as the circumstances of the case may require.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment. be reversed, at the costs of the appellee, and the cause is remanded with instructions to arrest the judgment.

Filed Dec. 15, 1883.