Filed June 4, 1884.

---

No. 10,143.

## NEWCOMER ET AL. *v.* HUTCHINGS ET AL.

MECHANIC'S LIEN.—*Notice.*—*Mistake in Description.*—*Correction.*—*Pleading.* —The notice of lien, by mistake, named lot 9, instead of lot 11, in block 7, in a town, but recited that the lien claimed was for lumber furnished by the plaintiffs to the contractor, and used by him in building for the defendants, recently, a brick building on the property de-

scribed. The complaint, not otherwise challenged, averred the mistake, that the only building ever built for or owned by the defendants in block 7, was on lot 11, and not on lot 9, and is well known and can be identified by the description in the notice.

*Held,* that the complaint was good on demurrer.

*Held,* also, that an answer by which the defendants alleged that the contractor broke his contract, whereby the defendants suffered damage which they prayed be allowed them against the plaintiffs, was bad on demurrer.

SUPREME COURT.—*New Trial.*—The Supreme Court will not award a new trial when the verdict is clearly right upon the evidence.

SAME.—*Instructions.*—The refusal of instructions asked presents no question to the Supreme Court, unless all the instructions given are in the record.

SAME.—*Evidence.*—*Harmless Error.*—The admission of evidence, so entirely immaterial that it could not influence the verdict, is a harmless error.

SAME.—*Brief.*—A brief, which merely states the question and does not argue it, is not sufficient.

From the Tipton Circuit Court.

*R. B. Beauchamp* and *G. H. Gifford,* for appellants.

*D. Waugh* and *J. P. Kemp,* for appellees.

BICKNELL, C. C.—The appellees brought this suit against the appellants to enforce a lien for materials furnished by the appellees to one Coxen, and used by him in the erection of a building for the appellants, on parts of lots 10 and 11, in block number 7, of the original plat of the town of Tipton.

A jury gave the plaintiffs a verdict for $85, the defendants' motion for a new trial was overruled, and judgment was rendered on the verdict and for the enforcement of the lien. The defendants appealed.

The first two errors assigned are overruling the demurrers to each of the first and second paragraphs of the complaint.

The only objection made to these paragraphs is, that the notice of lien, a copy of which is made part thereof, describes the property as the west two-thirds of the west one-third of lots numbers 9 and 10, in block number 7, in the original plat of the town of Tipton, and the brick building recently erected thereon; while, in the body of the complaint, the

description is the west two-thirds of the west one-third of lots numbered 10 and 11, in block number 7, of the original plat of said town.

The complaint contains the following averments: That in preparing said notice said lot number 11 was by mistake designated as lot number 9; that the part of lot number 11, owned by defendants, is entirely covered by said brick building, which also extends over lot number 10 forty-eight feet; that said brick building is the only brick building ever built for defendants or owned by them in said block number 7, and the only building in said town that answers the description given in said notice; that said lots 10 and 11 lie side by side, and are sixty-six feet wide by one hundred and ninety-eight feet deep, and that said brick building covers all of said ground except twenty-two feet off the north end thereof, which is used and occupied in connection with said building, and that said building and its location in said block number 7 is well known by the citizens of Tipton and persons acquainted therein by the description given in said notice, and can be readily identified and located by said description.

The notice also stated the following, after naming the amount claimed: " Being for a balance now due and unpaid for material sold and delivered by us to Emanuel R. Coxen, in our firm name of Hutchings & Means, he, Coxen, being the contractor with you at the time, for the building and completing of said brick building, recently erected on the above described real estate, which said material, so sold and furnished by us to said Coxen, was so sold and furnished for, and to be put into, and was all put into and used in the construction of, your brick building recently erected on the above described real estate, as aforesaid."

There was no error in overruling the demurrers to the several paragraphs of the complaint. *City of Crawfordsville* v. *Johnson*, 51 Ind. 397; *City of Crawfordsville* v. *Barr*, 65 Ind. 367; *Tindall* v. *Wasson*, 74 Ind. 495; *Rucker* v. *Steelman*, 73 Ind. 396; *City of Crawfordsville* v. *Boots*, 76 Ind. 32.

The defendants filed an answer in two paragraphs, of which the first was the general denial, and they also filed a cross complaint in two paragraphs, and a counter-claim.

The plaintiff filed a demurrer to the counter-claim for want of facts sufficient, and said demurrer was sustained, and this ruling of the court is the third error assigned by the appellants.

In the counter-claim the defendants allege that Coxen had a contract with the plaintiffs which the plaintiffs failed to fulfil, and they say that they sustained damage by reason of such failure, and they claim the benefit of Coxen's contract, and ask that the damages for the breach thereof be allowed to them against the plaintiffs in this action. There was no error in sustaining the demurrer to this counter-claim.

The fourth error assigned by the appellants is that the court erred in sustaining the motion to strike out part of the defendants' second paragraph of answer.

This can not be considered, because the matter stricken out is not shown by a bill of exceptions. *Peck* v. *Board, etc.*, 87 Ind. 221.

The plaintiffs filed an answer to the defendants' cross complaint in one paragraph, and the defendants filed a demurrer to said answer, which demurrer was overruled by the court, and this ruling is alleged as error in the fifth specification of the assignment of errors.

In the cross complaint the defendants seek to have their title quieted as to the land on which the said brick building stands, by reason of the alleged defect in the notice of lien. In the answer to said cross complaint the plaintiffs make, substantially, the same averments, as to the land and the lien, and the notice of lien, as are made in the complaint, and the same reasons which show that the complaint was sufficient on demurrer also show that the answer to the cross complaint was sufficient. There was no error in overruling the demurrer to the answer to the cross complaint.

The sixth error assigned is that the court erred in overruling the motion for a new trial.

There are sixteen reasons for a new trial. Of these the twelfth reason is that the court erred in giving to the jury, of its own motion, instructions numbered from one to five inclusively.

The appellants, in their brief, mention only the first, second and third of these instructions, and they make no discussion of these; all that they say as to the first and second is, " We do not desire to reiterate our views given in speaking of the appellees' complaint, as we do not think either one of the instructions states the law." And as to the third instruction, all that is said is, " We do not think the same contains a sufficient definition to enable the jury to fully understand the nature of such a plea as an estoppel."

Upon such a presentation pointing out no specific error, it is sufficient for us to say that we discover none. *Nowlin* v. *Whipple*, 89 Ind. 490; *Irwin* v. *Lowe*, 89 Ind. 540; *Powers* v. *State*, 87 Ind. 144. And if the instruction as to an estoppel was not sufficiently full, it was the duty of the appellants to prepare a proper instruction supplying the deficiency, and request it to be given. Besides, we have examined the evidence with reference to the fourteenth, fifteenth and sixteenth reasons for a new trial, which allege that the damages were excessive, and that the verdict was contrary to law and not sustained by the evidence, and we find that the verdict was clearly right upon the evidence, and, therefore, even if the instructions were erroneous, they would not warrant a reversal of the judgment. *Norris* v. *Casel*, 90 Ind. 143.

The thirteenth reason for a new trial is that the court refused to give to the jury each and all of the thirteen instructions requested by the defendants. But there is nothing in the record showing that the instructions contained in the bill of exceptions were the only instructions given in the case. Therefore this reason for a new trial can not be considered. *Fitz-*

*gerald* v. *Jerolaman,* 10 Ind. 338; *Coryell* v. *Stone,* 62 Ind. 307; *Smith* v. *Kyler,* 74 Ind. 575; *Pittsburgh, etc., R. R. Co.* v. *Noel,* 77 Ind. 110; *Indiana, etc., Co.* v. *Millican,* 87 Ind. 87.

The second reason for a new trial relates to the proof of the notice. Upon this all that is said in the brief is: " The second cause assigned is that the court permitted the appellees to prove to the jury that the notice was filed in the office of the recorder of the county wherein the property is situate. See page 36 of transcript, line 13. We think the appellees were not entitled to the proof, as we do not think the instrument constituted any lien on the real estate of the appellants." There was no error in this respect.

The third cause for a new trial is thus mentioned in the brief, viz.: "Appellees' counsel was allowed to testify before the jury that there existed a mistake in the notice, and that the notice ought to have stated lots 10 and 11 and not 9 and 10, and also stating to the jury the location of the building, thus seeking, by parol evidence, to enforce a lien on real estate not described in the notice." Under the averments of the complaint this testimony was properly admitted.

The fourth, fifth, sixth, seventh and eighth causes for a new trial are mentioned in the brief, with the following statement: " We claim that the appellees were not entitled to the evidence brought out on these cross-examinations, and that they were not proper cross-examinations." A brief which merely states a question, and suggests that the ruling of the court was wrong, is a not a proper brief within the decisions of this court. Merely stating that the court erred in admitting testimony, without any argument or citation of authority, is substantially only a repetition of the reasons for a new trial and amounts to nothing. *Bray* v. *Franklin Life Ins. Co.,* 68 Ind. 6; *Wilson* v. *Holloway,* 70 Ind. 407; *City of Anderson* v. *Neal,* 88 Ind. 317; *McCann* v. *Rodifer,* 90 Ind. 602; *Nowlin* v. *Whipple, supra; Irwin* v. *Lowe, supra.*

The ninth, tenth and eleventh causes for a new trial are grouped together in the brief, with the following statement

only : " It seems to us that it could make no difference in the merits of the case if appellant Moore did say and think all that is stated by the witnesses; it is irrelevant." But in reference to the previous testimony in the cause, these statements of the appellant Moore were not irrelevant. There was no error in admitting them.

The only remaining reason for a new trial is the first, which charges error in permitting the witness Overman to state that Hutchings, one of the appellees, the night before Coxen went away, asked witness to accept an order on him by Coxen, and that witness refused to accept it. This was objected to on the ground that the declarations of a party in the absence of the other party can not be given in evidence by the former. This evidence was admitted on the statement of plaintiffs' counsel that he would show that said conversation was communicated to the defendants. The appellees claim that the bill of exceptions shows that the conversation was so communicated, but whether communicated or not it was absolutely immaterial, and could not have had any effect on the verdict; therefore, even if it were erroneously admitted, such an error would not warrant a new trial. *McDermitt* v. *Hubanks,* 25 Ind. 232; *Pettis* v. *Johnson,* 56 Ind. 139. This disposes of the motion for a new trial.

The seventh specification in the appellants' assignment of errors is, that the court erred in overruling the motion in arrest of judgment. It appears from what has been hereinbefore stated in reference to the demurrer to the complaint, that there was no error in overruling this motion. There is no available error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed June 4, 1884.